**Joan K. GROUND, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. 89–1453–B(M).**

United States District Court, S.D. California.

March 16, 1992.

Daniel Weber, San Diego, Cal., for plaintiff.

Richard Tolles, Asst. U.S. Atty., San Diego, Cal., for defendant.

ORDER NUNC PRO TUNC GRANTING PLAINTIFF COUNSEL'S MOTION FOR ATTORNEY'S FEES AND COSTS IN THE AMOUNT OF $10,518.20

BREWSTER, District Judge.

## BACKGROUND

Petitioner Ground is a former telephone operator who sought disability benefits pursuant the Social Security Act, 42 U.S.C. § 1381 *et seq.* On July 1, 1991, the ALJ concluded that Ms. Ground was not disabled within the meaning of the Act between the period of November 21, 1987 and May 31, 1989. Plaintiff then filed a complaint in this court under 42 U.S.C. § 405(g) to review the Secretary's decision.

This court's Order of January 2, 1991, took the cross-motions for summary judgment off calendar and remanded the case to the Administrative Law Judge (ALJ) for clarification of an inconsistency in the ALJ's ruling. On remand, the ALJ again recommended a finding of no disability. However, on November 22, 1991, the Appeals Council rejected the ALJ's recommended decision and found that plaintiff had in fact been disabled since November 21, 1987.

Plaintiff's counsel filed this motion as the prevailing party on December 4, 1991, seeking an award of attorney fees at a rate of $109.28 per hour[1] for 96.25 hours of attorney work and costs of $130.40 under the Equal Access to Justice Act.

## EQUAL ACCESS TO JUSTICE ACT

A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorneys's fees, court costs, and other expenses. Equal Access to Justice Act, Title 28 U.S.C. § 2412. Among other requirements, the prevailing party must submit to the court an application of fees and expenses "within thirty days of final judgment in the action." § 2412(d)(1)(B).

### A. Final Judgment

The recent Supreme Court case of *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 2161, 115 L.Ed.2d 78 (1991) holds that a "final judgment in the action" for which EAJA fees may be awarded "refers to judgments entered *by of a court of law,* and does not encompass decisions rendered by an administrative agency." *Id.* 111 S.Ct. at 2162 (emphasis in original). Therefore, "the 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Id.*

On remand from this court, the Appeals Council awarded Ms. Ground the disability benefits she sought despite the ALJ's recommendation that disability benefits be denied. Despite the fact that the Appeals Council's decision is not "final" for purposes of the EAJA, neither the claimant nor the Secretary formally requested the entry of a final judgment from this court. Whether either party is entitled to do so depends on the type of remand ordered by this court on January 2, 1991. *Melkonyan, supra,* 111 S.Ct. at 2163.

---

**1.** The Equal Access to Justice Act provides for $75 per hour with a Consumer Price Index increase of $34.28. 28 U.S.C. § 2412(d)(2)(A).

The Supreme Court identified two kinds of remands under 42 U.S.C. § 405(g): (1) remands pursuant to the fourth sentence and (2) remands pursuant to the sixth sentence. *Melkonyan, supra,* 111 S.Ct. at 2163; *citing Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 2663–2665, 110 L.Ed.2d 563. The fourth sentence of § 405(g) authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." In a sixth sentence remand, however, the court does not rule in any way as to the correctness of the administrative determination. Rather, the sixth sentence requires that there be new, material evidence and that there was good cause for failing to present the additional evidence in the prior proceeding. *Melkonyan, supra,* 111 S.Ct. at 2163. Sixth sentence remands require, by definition, that the court retain jurisdiction.

The remand ordered by this court was not prompted by a showing that "there [wa]s new evidence which [wa]s material and that there [wa]s good cause for the failure to incorporate such evidence into the record in a prior proceeding." § 405(g). Nor did this court's remand amount to a fourth sentence reversal or modification of the ALJ's decision. This court did not intend for its order of remand to be a final judgment in the case. Indeed, the court expected that the parties would return for a ruling upon the ALJ's clarification. This court's remand merely requested clarification for what seemed to be an internal inconsistency. The remand was not accompanied by a judgment.

 Clearly, this court's Order Remanding Case does not, nor was it intended to, fall within either the sentence four remand or the sentence six remand provided for in section 405(g).[2] Rather, this court was remanding to the ALJ pursuant to its inherent power to remand cases. *See United States v. Jones,* 336 U.S. 641, 671, 69 S.Ct. 787, 802, 93 L.Ed. 938 (1949). That inherent authority to remand, however, has been limited by section 405(g) to the two types of remands explored above.

> [W]e conclude that in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six.

*Melkonyan, supra,* 111 S.Ct. at 2165.

Because § 405(g) restricts this court's inherent authority to remand the case, the court's Order Remanding Case pursuant to its inherent authority is rendered null and void.[3] Therefore, it cannot be said that the court's Order amounted to a final judgment

---

**2.** In the *Melkonyan* case, the district court remanded to the Secretary "for all further proceedings." The Supreme Court remanded to the district court for a clarification of the sort of remand it intended. The Court engaged in a lengthy discussion of the Congressional purpose for limiting the court's inherent power to remand in Social Security cases. The intent was to "speed up the judicial process so that these cases would not just go on and on." *Id.* 111 S.Ct. at 2164. Congress was concerned that allowing district courts to remand to the ALJ "without cause or other reason was weakening the appeal process." *Id.* citing 125 Cong.Rec. 23383 (1979).

**3.** Once an order of the court is entered, the judge can set aside or change it either through a Rule 60 motion or a motion for reconsideration pursuant to Local Rule 7.1(i). Schwarzer, Tashima, & Wagstaffe, CAL.PRAC.GUIDE: FED. CIV.PRO. BEFORE TRIAL § 12:157 (TRG 1991). The court may act pursuant to Rule 60(a) " 'to make an order reflect the actual intentions of the court, plus necessary implications.' " *In re*

*Jee,* 799 F.2d 532, 535 (9th Cir.1986); *citing Jones & Guerrero Co. v. Sealift Pacific,* 650 F.2d 1072, 1074 (9th Cir.1981). However, Rule 60(a) does not apply when the court changes its ruling because of a legal or factual mistake. *Blanton v. Anzalone,* 813 F.2d 1574, 1577 n. 2 (9th Cir. 1987).

The government's Opposition to the current motion raises the *Melkonyan* remand issues to this court for the first time. Thus, the Opposition is tantamount to a motion for reconsideration made on the ground of a material difference in law from that presented at the hearing on the motions for summary judgment. Because the matter has already been returned to the ALJ and been considered by the Appeals Council, any reconsideration of the merits of the order in light of the § 405(g) remand categories would now be moot. Therefore, because *this court's remand pursuant to its inherent powers* was ultra vires the court's authority, the Order must be rendered void.

in this case. As such, Plaintiff's petition for attorney's fees is not delinquent.

■ In its unauthorized remand, the court took the parties' cross-motions for summary judgment off calendar. Irrespective of the invalidity of that Order, the pending off-calendar motions have been rendered moot by the decision of the appeals council. However, because the Appeals Council is part of an administrative agency, its November 22, 1991 decision awarding Plaintiff's benefits is not "final" under the EAJA. Because final judgment can only be entered by a court of law, plaintiff's Application for Attorney's Fees filed December 4, 1991 shall be considered to include a Request to this Court for Entry of a Final Judgment.

Plaintiff's Request for Entry of Final Judgment is hereby granted.

### B. Filing Within Thirty Days of Final Judgment

■ The 30–day EAJA filing period only begins to run after the time for appealing the District Court Judgment has expired—or 60 days from the Entry of Final Judgment by the court. *Melkonyan, supra,* 111 S.Ct. at 2162. The government in this case has stated that it would not appeal a final judgment that upholds the decision of the Appeals Council. Therefore, the 60–day appeals interval before Plaintiff's Counsel petitions for fees is rendered unnecessary and moot. Thus, plaintiff's request for fees, made the day the court entered final judgment, is not premature.

### C. Government's Position Not Substantially Justified

■ Having decided that Counsel's petition for fees and costs is neither premature nor late, the petitioner prevails on the merits as well.[4]

Attorneys fees are awarded to the prevailing party under the Equal Access to Justice Act § 2412(d)(1)(A):

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action, brought by or against the United States[5] in any court having jurisdiction of that action, unless the court finds that the position of the United States[6] was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

■ To determine whether the position of the United States was substantially justified, the court looks to "the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). Where the government's position "had a reasonable basis in both

---

4. The denial of EAJA fees does not preclude the plaintiff's attorney from petitioning the Secretary for fees pursuant to 42 U.S.C. §§ 406(a) and (b) which provide generally that the Secretary can award a reasonable fee to compensate the attorney of a prevailing party for services performed in connection with any claim before the Secretary. When the prevailing claim is for entitlement to past due benefits, the attorney can be awarded, pursuant to a prior agreement with the client, the lesser of $4,000 or 25% of the past due award.

 However, the matter of attorney's fees for services performed at the administrative level is committed to the exclusive responsibility of the Secretary, while the district court is authorized by the Social Security Act to approve counsel's requests for claimants fees only for services performed in court. *Pittman v. Sullivan,* 911 F.2d 42 (8th Cir.), *cert. denied,* ⸺ U.S. ⸺, 111

S.Ct. 1307, 113 L.Ed.2d 242 (1990). Further, the EAJA authorizes the award of attorney's fees in a civil action in court—for it is in that particular action that the government takes a position. *Broad Ave. Laundry and Tailoring v. United States,* 693 F.2d 1387 (Fed.Cir.1983).

5. "'United States' includes any agency and any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(d)(2)(C).

6. "'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings." 28 U.S.C. § 2412(d)(2).

law and in fact" EAJA fees may not be awarded. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

Taking into account the petitioner's age, education, and residual functional capacity, the government could have no reasonable basis for arguing that she was not disabled when her transferable skills would not transfer to jobs within her residual functional capacity. Therefore, the position of the government was internally inconsistent in such a way that would not "satisfy a reasonable person." *Id.* Petitioner, as prevailing party, has thus satisfied all of the criteria for eligibility for fees.

D. Reasonable Attorney's Fees

The court may only order an EAJA award for attorney hours that were reasonably spent on litigation. 28 U.S.C. § 2412(d)(2)(A). A rate of $109.28 per hour for an attorney with 15 years experience is very reasonable, indeed conservative. Moreover 96.25 billable hours for attorney work is reasonable in light of the numerous hearings and procedures necessary to win the plaintiff her benefits.

Based on the foregoing, it is hereby ordered:

1. Plaintiff's motion for summary judgment is moot;

2. The Government's oral request, made in open court, to withdraw its motion for summary judgment is granted;

3. This court's Order Remanding Case of January 2, 1991, was invalid and did not effect a final judgment of the case;

4. Plaintiff's petition for fees is timely;

5. The Government's position was not substantially justified;

6. Plaintiff's counsel's request for fees and costs is reasonable;

7. Fees and cost to Plaintiff's counsel's shall be awarded in the amount of $10,518.

IT IS SO ORDERED.