**William R. HUBBARD, Plaintiff–Appellant,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant–Appellee.**

No. 93–7011.

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1993.

Paul F. McTighe, Jr., Tulsa, OK, for plaintiff-appellant.

John W. Raley, Jr., U.S. Atty., E.D. Okl., Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security, John M. Sacchetti, Chief, Retirement, Survivors and Supplemental Assistance Litigation Branch, Nellie A. Hutt, Atty., U.S. Dept. of HHS, Office of General Counsel, Baltimore, MD, for defendant-appellee.

Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

This appeal contests the award of attorney's fees in a social security case. The district court granted plaintiff's motion for fees under § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), but declined to enhance the fee as permitted by the Act. Because we find no abuse of discretion in the district court's award, we affirm.

■ The award of an attorney's fee is reviewed for abuse of discretion. *Pierce v. Underwood,* 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988). Under § 406(b)(1), when a social security claimant represented by an attorney obtains a favorable judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1). In his motion for fees, plaintiff's attorney requested an award of $150.00 per hour, for a fee award of $9,412.50. He also requested that the fee be enhanced at the rate of $57.95 per hour for a total award of $13,048.50. The district court awarded a fee based on $150.00 per hour, but denied the bonus award.

Plaintiff's attorney urges this court to follow the lead of the Sixth Circuit in *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989), and "establish[ ] a rebuttable presumption that an attorney in a Social Security Disability case would receive the full 25% contingency fee under contract unless (1) the attorney engaged in improper conduct or was ineffective, or (2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Appellant's Br. at 9. We note that Sixth Circuit law in this area is considerably more involved than plaintiff's counsel would have us believe, and we decline this invitation.

In determining the fee award, the district court multiplied the number of hours expended times the attorney's customary hourly fee of $150.00. This lodestar amount, the " 'product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee." *Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983)); *see also Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir.1983).

Plaintiff's attorney argues that a bonus fee is justified because of the role in this case of the factors identified in *Roach v. Secretary of Health & Human Services (Ex parte Duggan)*, 537 F.Supp. 1198 (D.S.C.1982). These factors include the time and labor expended, the novelty and difficulty of the questions raised, the skill of the attorney, the amount in controversy and the results obtained, and the fee award in similar cases. *See id.* at 1199–1201.

While we acknowledge that a fee may be enhanced in cases of "exceptional success," *see Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940, we do not view this case as meriting such an enhancement. An upward adjustment is appropriate "only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged." *Blum*, 465 U.S. at 899, 104 S.Ct. at 1549. We agree with the district court that counsel has not made this showing. The simple fact that this court in the underlying case reversed the denial decision of the Secretary and remanded for benefits does not make this the "rare" case deserving an enhanced attorney's fee.

The district court noted that $150.00 per hour is $25.00 per hour higher than the prevailing rate in the Eastern District of Oklahoma for similar work. This heightened hourly rate is adequate to compensate counsel for the factors identified in *Duggan*.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.