Hobert **HAYES**, Plaintiff,

v.

John J. **CALLAHAN**, Ph.D.,[1] Acting Commissioner of Social Security, Defendant.

No. 95–4123–SAC.

United States District Court, D. Kansas.

July 22, 1997.

Kelly C. Brown, Kenneth M. Carpenter, Carpenter Chartered, Topeka, KS, for plaintiff.

Jackie A. Rapstine, Office of U.S. Atty., Topeka, KS, for defendant.

MEMORANDUM AND ORDER

CROW, Senior District Judge.

On October 23, 1995, this court entered a two page memorandum and order granting the Commissioner's motion to remand (Dk.4). That remand was a "sentence six"[2] remand. On April 10, 1996, the court entered a memorandum and order that granted in part Hayes' "Application for an Award of Attorney Fees, Cost and Expenses under the Equal Access to Justice Act" (Dk.10). *Hayes v. Chater*, No. 95–4123–SAC, 1996 WL 254611 (D.Kan. April 10, 1996). Pursuant to an agreement between the parties, the court granted an EAJA award in the amount of $2,130.84. Hayes' "Motion for a Determination and Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)" (Dk.9) was denied as premature based upon the fact that no final decision resulting in an award of benefits had been reached. *Id.*

Following remand, Hayes received a favorable decision from the Commissioner. Hayes was awarded past due benefits in the amount of $52,925 for September 1991 through June 1996. The Commissioner has withheld 25 percent of the total past-due benefits, or

---

1. Effective March 1, 1997, John J. Callahan, Ph. D., was appointed by President Clinton to serve as Acting Commissioner of Social Security, to succeed Shirley S. Chater. Pursuant to Fed. R.Civ.P. 25(d)(1), John J. Callahan, Ph.D., is substituted as the defendant in this case.

2. *See Gutierrez v. Sullivan*, 953 F.2d 579, 581–82 (10th Cir.1992) (explaining the distinctions between a "sentence four" remand and a "sentence six" remand), *cert. denied*, 509 U.S. 933, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993).

$13,231.25, "to pay an approved lawyer's fee." The Commissioner has approved a $4,000 attorney's fee for work performed before the administrative agency.[3] The Commissioner's decision also indicates that he is withholding a balance of $9,231.25 ($13,231.25—$4,000 (maximum amount of fees for work performed before the administrative agency [*see* 42 U.S.C. § 406(a)(2)] = $9,231.25)) to pay an attorney's fee for work performed before the court, if approved.

This case comes before the court upon the following motions filed by Hayes:

    1. Motion for a Determination and Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (Dk.21).

    2. Plaintiff's Motion to Amend Plaintiff's Motion for a Determination and Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) Filed With This Court On September 20, 1996) (Dk.26).

The amended motion clarifies and embellishes Hayes' Motion filed on September 20, 1996. The amended motion explains in substantial detail the entire history of this case.[4]

■ In those motions, Hayes' counsel, Kenneth Carpenter, of Carpenter, Charted, (Carpenter) suggests that a fee award comporting with the terms of the contingency fee contracts—25% of past due benefits—is reasonable. In support of his contention that the fee is reasonable, Carpenter recounts the substantial effort invested in achieving victory in this case. Carpenter acknowledges that he must refund the smaller of the two fee awards, either the EAJA award or the § 406(b)(1) award, to his client.

Although the Commissioner agrees that Hayes' counsel is entitled to an award under § 406(b)(1), he contends that the amount of the fee sought is unreasonable under a lodestar analysis. *See Hubbard v. Shalala*, 12 F.3d 946, 948 (10th Cir.1993) (the lode star amount, the product of reasonable hours times a reasonable rate, normally provides a reasonable attorney's fee) (citations omitted). The Commissioner contends that based upon

his extensive experience, an hourly rate in the amount of $125 is generally appropriate and that Carpenter's fee award should be adjusted accordingly. The Commissioner contends that the size of Hayes' past due benefits is primarily attributable to the length of time that Hayes' claim was pending and is not a reflection of the time invested by Carpenter, nor is it attributable to Carpenter's skill and acumen.

### 42 U.S.C. § 406(b)(1)

Section 406(b)(1) provides in pertinent part:

(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

### Analysis

The court, having carefully reviewed the briefs of the parties and applicable law, concludes that a total attorney's fee award in amount of $13,231.25 ($13,231.25 = $4,000 already approved by the ALJ and $9,231.25 pursuant to § 406(b)(1)) is appropriate. In the absence of evidence of unjust enrichment or disproportionate remuneration, this court believes that contingency fee agreements between client and counsel should generally be enforced by their express terms. Although other courts apparently view it otherwise, *see*

---

**3.** Plaintiff's Motion to Amend Plaintiff's Motion for a Determination and Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) Filed with This Court on September 20, 1996, indicates that "counsel has not yet received" the $4,000 approved by the ALJ.

**4.** This is particularly helpful in this case as the Commissioner did not file a copy of his decision or a transcript of *any* of the proceedings before him as required by 42 U.S.C. § 405(g). *See Gutierrez v. Sullivan*, 953 F.2d 579, 581 (10th Cir.1992), *cert. denied*, 509 U.S. 933, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993)

*Spodnick v. Chater,* No. 93–CV–304–J, 1997 WL 104940, *5–7 (N.D.Okla. Jan.14, 1997) (utilizing lodestar analysis rather than enforcing terms of contingency agreement), this court believes that contingency fee contracts serve a valuable purpose in social security cases. Congress recognized the value of contingency fee contacts in formulating § 406.[5] Claimants in social security cases, persons who are often without sufficient funds to otherwise retain legal counsel, often need the guidance and expertise of an attorney to help establish that they are entitled to benefits. Contingency fee arrangements permit claimants to obtain counsel at no initial cost. In exchange for accepting the case, that attorney is entitled to be compensated at a potentially enhanced rate for bearing the risk of earning nothing. This court finds it difficult to believe that many attorneys would willingly invest their time and talent in social security cases when the attorney will, as a rule, generally only receive their normal hourly rate—and only then if he or she prevails on the merits. In difficult or close cases, cases in which the claimant's need for counsel is greatest, attorneys may be unwilling to accept the case in the absence of a contingency fee arrangement.

In short, this court believes that an agreement between counsel and client should be enforced unless there is some legal or equitable reason to modify or set it aside. No such reasons exist in this case. Nothing presented by the Commissioner discounts the fact that Carpenter fulfilled every expectation of the parties' contingency fee agreements and that the results of the firm's representation were outstanding. The contingency fee agreements are within the maximum set by federal law and comports with the ethical rules governing attorney conduct. The court will enforce the agreement by its express terms.

In any event, in making this award the court has carefully considered the Commissioner's argument that this fee is unreasonable under a lodestar analysis. To the extent that this award may be seen as an enhanced or bonus fee, the court believes that it is justified in light of "the time and labor expended, the novelty and difficulty of the questions raised, the skill of the attorney, the amount in controversy and the results obtained, and the fee award in similar cases." *Hubbard,* 12 F.3d at 948. The court accepts counsel's proffer regarding the factual, legal and other difficulties concomitant with representing Hayes in this case. The court does not see the amount of the fee awarded to Carpenter as a windfall. Instead, the court views the sum appropriate in light of the expectations of the parties, the quantum and quality of the representation and the results achieved.

### Refund to Hayes

Courts have made clear that the availability of attorney's fees under the Social Security Act, 42 U.S.C. § 406, does not preclude an award of fees under the EAJA. *See, e.g., Russell [v. Sullivan],* 930 F.2d [1443] at 1446 [(9th Cir.1991) ]; *Jankovich v. Bowen,* 868 F.2d 867, 870–71 (6th Cir.1989); *Weakley v. Bowen,* 803 F.2d 575, § 80 (10th Cir.1986). An award of fees under the Social Security Act is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government. Where fees are awarded under both provisions, the EAJA compensation therefore serves as a reimbursement to the claimant for fees paid out of the disability award. *See, e.g., Jankovich,* 868 F.2d at 870–71. And double recovery is prevented in that the attorney must refund the amount of the smaller fee to the claimant. *Id.* at 871 n. 1. *Trinidad v. Secretary of Health and Human Services,* 935 F.2d 13, 16 (1st Cir.1991). *See Weakley,* 803 F.2d at 580.

■ Carpenter is therefore entitled to keep the fee earned under § 406, but the firm must refund to Hayes the EAJA award of $2,130.84 as it is the smaller fee.

IT IS THEREFORE ORDERED that Hayes' "Motion for a Determination and Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)" (Dk.21) and "Plaintiff's Motion to Amend Plaintiff's Motion for a

---

5. Using the lodestar method, the express terms of the contingency fee agreement would only be fulfilled in cases which the reasonable number of hours worked multiplied by the reasonable hourly rate coincidentally equals twenty-five percent of the past due benefits recovered.

Determination and Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) Filed With This Court On September 20, 1996" (Dk.26) are granted.

IT IS FURTHER ORDERED that pursuant to 42 U.S.C. § 406, the law firm of Carpenter, Chartered is entitled to the sum of $13,231.25 ($13,231.25 = $4,000 already approved by the ALJ plus $9,231.25 pursuant to § 406(b)(1)).

Because the amount of the fees awarded under the EAJA is less than the amount awarded under 42 U.S.C. § 406, the EAJA attorney's fee award of $2,130.84 shall be refunded by Carpenter, Chartered to Hayes.