**Randolf T. OTT, Plaintiff,**

v.

**Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.**

**No. Civ.A. 94–4235–DES.**

United States District Court, D. Kansas.

March 17, 1998.

---

1. Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. In accordance with Rule 25(d)(1) of the Federal Rules of Civil procedure, Kenneth S. Apfel should be substituted for John J. Callahan as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Kenneth M. Carpenter, Carpenter Chartered, Topeka, KS, Kelly C. Brown, Topeka, KS, for plaintiff.

D. Brad Bailey, Office of United States Attorney, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the Court on the renewed motion of plaintiff's Counsel for statutory attorney's fees pursuant to 28 U.S.C. § 2412 (Doc. 49).

## I. BACKGROUND

On March 25, 1992, plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* Plaintiff alleged that he became unable to work because of his disabling Condition on December 31, 1988. The Social Security Commissioner ("Commissioner") denied plaintiff's claim on May 27, 1992, stating that plaintiff's post-traumatic stress disorder and depression did not limit his ability to work. Plaintiff filed a request for reconsideration on July 28, 1992. The Commissioner denied plaintiff's request on September 23, 1992, finding that plaintiff's psychological problems were not disabling prior to plaintiff's date last insured of December 31, 1989.

On January 18, 1993, plaintiff requested a hearing by an administrative law judge ("ALJ"). The hearing was set for September 7, 1993. Plaintiff's counsel, by letter dated August 11, 1993, requested that the ALJ have a medical advisor present at plaintiff's hearing. The ALJ denied counsel's request, and plaintiff's hearing was held on September 7, 1993, without the presence of a medical advisor.

In a decision dated December 23, 1993, the ALJ determined that plaintiff is not entitled to a period of disability or disability insurance benefits, because plaintiff did not become disabled until on or about February 1, 1992, after his date last insured. On February 16, 1994, plaintiff filed a request for review of the ALJ's decision. The Appeals Council denied plaintiff's request on October 5, 1994.

Plaintiff sought judicial review and, on September 29, 1995, the district court issued an order reversing and remanding the case for determination by the ALJ, with the assistance of a medical advisor, of the date of onset of plaintiff's disability. Plaintiff subsequently received a favorable decision from the Commissioner by way of an ALJ decision dated December 24, 1996. The decision granted plaintiff entitlement to a period of disability and disability insurance benefits and awarded plaintiff $45,476.80 in past-due benefits.

## II. DISCUSSION

Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The EAJA provides in pertinent part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the. United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). ·

In his motion, plaintiff requests an award of attorney's fees in the amount of $8,601.58, representing time spent in litigation and on appeal. Although the government does not object to the payment of attorney fees in this case, it does contest the amount requested. Specifically, the government objects to the inclusion of $12.86 for postage, which it correctly points out is not recoverable under the EAJA. *See Weakley v. Bowen*, 803 F.2d 575, 579 (10th Cir.1986). The government also objects to the application of the March 29, 1996, amendment to the statutory rate increasing it to $125 per hour. *See* Contract With America Advancement Act of 1996, Pub.L. No. 104–121, 232, 110 Stat. 847, 863. The government argues that this action for attorney's fees was commenced before March 26, 1996, and that any award should be limited to $123.98 per hour

for the applicable number hours spent on appeal.

In reply, plaintiff agrees that postage costs are not recoverable under the EAJA. Plaintiff also agrees that the rate of $123.98 should be applied for work performed on appeal since the action was commenced prior to the effective date of the Contract With America Advancement Act of 1996. Therefore, plaintiff sets forth the following request for attorney's fees: The sum of $4,357.61 representing 36.25 hours spent on the original claim before this Court at $120.21 per hour; and the sum of $4,180.61 representing 33.72 hours spent pursuing EAJA fees before this court and the U.S. Court of Appeals at $123.98 per hour. Plaintiff's request amounts to a total of $8,538.22.

■ The court finds that all of the hours claimed by plaintiff's counsel to be reasonable. The court also finds the hourly rate requested to be appropriate. Accordingly, the court awards EAJA attorney's fees in the amount of $8,538.22.

. ■ The court notes that plaintiff's counsel was awarded attorney's fees in the amount of $6,165.50 under 42 U.S.C. § 406(b)(1) on January 9, 1998. "An award of fees under the Social Security Act is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government." *Hayes v. Callahan*, 973 F.Supp. 1290, 1292 (D.Kan.1997). Where, as here, fees are awarded under both provisions, the EAJA compensation thus serves as a reimbursement to the claimant for fees paid out of the disability award. *Id.* "Double recovery is prevented in that the attorney must refund the amount of the smaller fee to the claimant." *Id. See Weakley*, 803 F.2d at 580. Plaintiff's counsel is therefore entitled to keep the fee earned under the EAJA, but he must refund to plaintiff the 42 U.S.C. § 406(b)(1) award of $6,165.50 as it is the smaller fee.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act (Doc. 14) is granted.

**IT IS FURTHER ORDERED** that the Commissioner, under the EAJA, shall pay plaintiff's attorney's fees in the sum of $8,538.22. Because the amount of the fees awarded under 42 U.S.C. § 406(b) is less than the amount awarded under the EAJA, the 42 U.S.C. § 406(b) attorney's fee award of $6,165.50 shall be refunded by plaintiff's counsel to plaintiff.

Dated this 16 day of March, 1998, at Topeka, Kansas.