**Lawrence R. UMSCHEID, Plaintiff,**

v.

**Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.**

### No. Civ.A. 97–4019–DES.

United States District Court, D. Kansas.

May 1, 1998.

---

1. Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for John J. Callahan as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Kenneth M. Carpenter, Carpenter Chartered, Topeka, KS, Kelly C. Brown, Topeka, KS, for Plaintiff.

Nancy M. Landis, Office of United States Attorney, Topeka, KS, for Defendant.

### *MEMORANDUM AND ORDER*

SAFFELS, District Judge.

This matter is before the court on plaintiff's Application for an Award of Fees, Costs and Expenses under the Equal Access to Justice Act (Doc. 16), plaintiff's Motion for a Determination and Award of Attorney Fees pursuant to 42 U.S.C § 406(b)(1) (Doc. 17), and plaintiff's Renewed Motion for a Determination and Award of Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) and Request for Court Order Granting EAJA Fees and Bill of Costs (Doc. 22).

### I. BACKGROUND

The Social Security Administration denied plaintiff's application for disability benefits both initially and upon reconsideration. Following an administrative hearing on February 1, 1995, and a supplemental administrative hearing on August 23, 1995, an administrative law judge ("ALJ") concluded that plaintiff was not entitled to disability benefits under Title II because he had not been "disabled" within the meaning of the Social Security Act at any time when he met the earnings requirement in the Act. The ALJ found plaintiff was not disabled because he retained the ability to perform light work which existed in significant numbers in the local and national economies. On November 29, 1996, the Appeals Council denied plaintiff's request for review.

Plaintiff sought judicial review. On January 6, 1998, the district court issued an order reversing and remanding the case for an award of disability insurance benefits as of December 12, 1994, the date of onset of plaintiff's physical impairment. Plaintiff has subsequently been awarded $19,340.00 in past due benefits.

### II. DISCUSSION

#### A. Attorney Fees under the Equal Access to Justice Act ("EAJA")

The EAJA provides in pertinent part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substan-

tially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

 Plaintiff's attorney has moved for an award of attorney's fees in the amount of $4,228.18 under EAJA. This amount represents 32.65 hours of work figured at the rate of $129.50 per hour. Plaintiff's attorney also requests expenses in the amount of $10.54, representing postage and certified mail expenses. Although the government has not objected to the amount for the attorney fees, it has not taken any position with regard to the amount requested for expenses. However, the court notes that postage fees cannot be recovered under EAJA. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986).

 The court finds that all of the hours claimed by plaintiff's attorney are reasonable. The court also finds that the hourly rate requested is appropriate. Therefore, the court awards plaintiff's attorney fees under EAJA in the amount of $4,228.18.

### B. Attorney Fees under 42 U.S.C. § 406(b)(1)

Plaintiff's attorney has also moved for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). Again, plaintiff's attorney has asserted that he spent 32.65 hours engaged in court-related activity for this case. In this motion, however, plaintiff's attorney requests "an award of reasonable attorney fees ... in accord with the contract entered into by the parties, specifically up to twenty-five percent (25%) of Plaintiff's past-due benefits." The court notes that the Commissioner has not stated any objections to the request for fees under 42 U.S.C. § 406(b)(1).

 Section 406(b)(1)(A) provides:

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

\* \* \* \* \* \*

(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

42 U.S.C. § 406(b). "This statute places the inescapable burden on the Court to determine and allow a reasonable attorney fee." *Spodnick v. Chater*, 1997 WL 104940, \*2 (N.D.Okla.1997) (citing *Krig v. Sullivan*, 143 F.R.D. 270, 271 (N.D.Fla.1992)).

In the Tenth Circuit, calculation of a reasonable fee under 42 U.S.C. § 406(b) should begin with the lodestar amount—the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Hubbard v. Shalala*, 12 F.3d 946, 948 (10th Cir.1993). In this case, the Commissioner does not oppose the number of hours submitted by plaintiff's attorney for legal services. Furthermore, the court has reviewed the billing records submitted by the plaintiff's attorney and is satisfied that the 32.65 hours which plaintiff's attorney spent on this case are reasonable.

 The starting point for deciding a reasonable rate under the lodestar method is to ascertain the prevailing market rate in the relevant legal community for similar services by attorneys of reasonably comparable skill, experience and reputation. In this case a reasonable rate will be the rate charged in the District of Kansas by social security attorneys with the similar skill, experience, and reputation as plaintiff's attorney. The burden is on the fee applicant to produce evidence of the prevailing relevant hourly rate. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104

S.Ct. 1541, 79 L.Ed.2d 891 (1984). In this case, plaintiff's attorney has submitted that $129.50 is a reasonable hourly rate on the worksheet accompanying both this motion and the motion for EAJA fees. The government has not objected to this hourly rate. Accordingly, the lodestar amount for this case is $4,228.18, representing compensation for 32.65 hours of service at an hourly rate of $129.50.

The court next examines whether a fee applicant is limited to a bare-bones lodestar fee where a contingency fee agreement exists. Many courts adopting the lodestar method find that attorneys should not be so limited. *See, e.g., Craig v. Secretary, Dept. of Health and Human Services,* 864 F.2d 324, 326 (4th Cir.1989). Although the Tenth Circuit has acknowledged "that a fee may be enhanced in cases of 'exceptional success,'" *Hubbard,* 12 F.3d at 948 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)), it has not addressed the propriety of granting an enhancement based on the contingent nature of an attorney's fee. This court, however, believes "that an attorney that assumes the risk of nonpayment [should] be paid more per hour than an attorney that assumes no risk of nonpayment." *Spodnick,* 1997 WL 104940, *9.

Determining the amount of enhancement is a more difficult matter. In *Craig,* the court noted "that the primary consideration to take into account is the attorney's risk of receiving nothing for his services." *Craig,* 864 F.2d at 328. In *Allen v. Shalala,* 48 F.3d 456 (9th Cir.1995), the Ninth Circuit held that courts may not use the contingency factor to subsidize the claims of losing social security claimants. Allowing such a subsidization would be "fundamentally unfair to the claimants who depend upon back benefit recoveries, [and would be] contrary to congressional intent to protect claimants by limiting fee awards.'" *Id.* (quoting *Straw v. Bowen,* 866 F.2d 1167, 1171 (9th Cir.1989)). Here, plaintiff's attorney clearly faced a substantial risk of receiving nothing for his services. Therefore, the court finds that a fee of $4,835.00, or twenty-five percent of plaintiff's past due benefits, is a reasonable fee in this case.

### C. Conclusion

The court notes that this decision would result in an award of attorney's fees pursuant to both EAJA and 42 U.S.C. § 406(b)(1). "An award of fees under the Social Security Act is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government." *Hayes v. Callahan,* 973 F.Supp. 1290, 1292 (D.Kan.1997). Where, as here, fees are awarded under both provisions, the EAJA compensation thus serves as a reimbursement to the claimant for fees paid out of the disability award. *Id.* "Double recovery is prevented in that the attorney must refund the amount of the smaller fee to the claimant." *Id. See Weakley,* 803 F.2d at 580. Plaintiff's counsel is therefore entitled to keep the fee earned under 42 U.S.C. § 406(b)(1), but he must refund to plaintiff the EAJA award of $4,228.18 as it is the smaller fee.

Because of the result reached above, plaintiff's Renewed Motion for a Determination and Award of Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) and Request for Court Order Granting EAJA Fees and Bill of Costs (Doc. 22) is moot.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Application for an Award of Attorney Fees, Costs and Other Expenses (Doc. 16) and plaintiff's Motion for a Determination and Award of Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. 17) are granted.

**IT IS FURTHER ORDERED** that the plaintiff's Renewed Motion for a Determination and Award of Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) and Request for Court Order Granting EAJA Fees and Bill of Costs (Doc. 22) is denied as moot.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 406(b)(1), the Commissioner shall pay the plaintiff's attorney the sum of $4,835.00 from plaintiff's past due benefits. Because the amount awarded in attorney fees under EAJA was less than the amount awarded under 42 U.S.C. § 406(b)(1),

**1442**

the EAJA attorney fees award of $4,228.18 shall be refunded to plaintiff.