**Elgin HARTTER, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 95–4184–RDR.**

United States District Court, D. Kansas.

Feb. 24, 1999.

Kenneth M. Carpenter, Carpenter Chartered, Topeka, KS, Kelly C. Brown, Topeka, KS, for Elgin L. Hartter, plaintiff.

D. Brad Bailey, Office of United States Attorney, Topeka, KS, for Social Security, Commissioner of, Shirley S. Chater, defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon plaintiff's renewed application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and plaintiff's renewed motion for fees under the Social Security Act, 42 U.S.C. § 406(b)(1).

### I.

This case has long and protracted history. Plaintiff filed this action seeking social security disability benefits on November 17, 1995. Plaintiff filed his initial brief on July 1, 1996. In that brief, plaintiff argued that the final decision of the Commissioner was not supported by substantial evidence. Plaintiff also argued, in the alternative, that this case should be remanded for consideration of new and material evidence. In support of this contention, plaintiff included a letter from one of plaintiff's treating physicians dated April 17, 1996, stating that plaintiff was totally disabled due to the severity of the symptoms that he experienced from Post Traumatic Stress Disorder (PTSD). On August 28, 1996, plaintiff sought to supplement his brief with additional new evidence. This new evidence consisted of a report from the Department of Veterans Affairs concerning his request for 100% disability based upon service-connected PTSD. On September 10, 1996, the defendant filed a motion to remand. In the memorandum in support of the motion, the defendant stated the following:

> After careful review of the administrative law judge's (ALJ) decision, Tenth Circuit law, and the additional evidence submitted after the ALJ's decision, undersigned defendant's counsel asked the Appeals Council to consider remand for further consideration of plaintiff's claim. Upon receiving the Court's remand order, the Appeals Council has agreed to remand this case to an ALJ for further consideration to the opinions of plaintiff's treating

physicians and of the effect of plaintiff's mental condition on his ability to work. Updated reports from the Veterans Administration and any other treating source will be requested.

The Commissioner makes every effort to ensure that [his] decisions comply with Tenth Circuit law. Unfortunately, the necessity for remand of this case was not discovered until the case reached defendant's legal counsel for briefing. Remand would expedite administrative review, ensure that the Commissioner properly considers plaintiff's claim, and could make judicial review unnecessary.

On September 24, 1996, the court granted the defendant's motion and remanded the case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration of plaintiff's claim. Having determined that the remand was pursuant to sentence four, the court directed the Clerk to enter judgment pursuant to Fed. R.Civ.P. 58.

Plaintiff then sought attorney fees under the EAJA and the Social Security Act. On March 5, 1997, the court denied plaintiff's motion for fees under the Social Security Act as premature because a final decision had not been issued by the Social Security Administration on plaintiff's claim. The court also denied plaintiff's request for fees under the EAJA after finding that the position of the Commissioner was substantially justified. In reaching that conclusion, the court stated:

The Commissioner has demonstrated that [his] position, both legally and factually, was reasonable. In reaching this conclusion, the court does not intend to suggest that we believe the Commissioner's final decision was supported by substantial evidence, only that the position taken prior to its motion for remand and as a basis for the remand was substantially justified. The court believes that the new evidence filed by the plaintiff tipped the scales and required reevaluation of the Commissioner's findings. Plaintiff's counsel recognized the significance of the new evidence in the initial brief and in the motion to supplement the record. Counsel for the Commissioner also recognized the importance of the new evidence and immediately sought remand. The court does not find

that under these circumstances plaintiff is entitled to attorney's fees under the EAJA.

After seeking reconsideration of the court's order denying fees, plaintiff filed a notice of appeal. On appeal, the Tenth Circuit vacated the court's judgment concerning EAJA fees. The Court determined that this court lacked subject matter jurisdiction to consider the EAJA petition. Accordingly, the Court remanded the case to this court for dismissal of the EAJA application for fees. Plaintiff then filed the instant motions after he was awarded disability benefits on remand by the ALJ.

## II.

In his motion for fees under the EAJA, plaintiff contends that he is now entitled to fees because (1) he was awarded disability benefits by the Social Security Administration on remand; (2) he is now a prevailing party; and (3) the position of the Commissioner was not substantially justified. He seeks a total fee award of $7,704.90.

The Commissioner initially contends that this motion should be denied as untimely. The Commissioner next contends that, even if the motion is timely, he has acted in a substantially justified manner in this case. He argues that the ruling made by the court on March 7, 1997 should continue to be applied because nothing has occurred that would change the court's evaluation of the circumstances. He notes that on remand the ALJ considered many more exhibits than were previously considered. Finally, he contends that the fees sought by the plaintiff are unreasonable in several respects.

## A.

The Commissioner contends that the instant application for fees is untimely because it was filed over a year and a half after the remand order and judgment of September 24, 1996. The Commissioner argues that the Tenth Circuit's decision did not affect this judgment and did not indicate that the 1996 remand was a sentence six remand and/or this court should have retained jurisdiction. Plaintiff has failed to respond to this argument.

Under the EAJA, the prevailing party must submit to the court an application of fees and expenses "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment in the action" is "a judgment rendered by a court that terminates the civil action for which EAJA may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S.Ct.·2157, 115 L.Ed.2d 78 (1991). A final judgment "does not encompass decisions rendered by an administrative agency." *Id.* "The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Id.*

The timeliness argument asserted by the Commissioner raises a number of confusing and difficult issues in light of the many uncertainties left unanswered by the Tenth Circuit's decision. The Commissioner is correct in his assertions concerning the Tenth Circuit's decision. Nevertheless, the court shall for the purposes of the memorandum and order find that the instant application is timely. As pointed out by the Tenth Circuit in its opinion, there are only two types of remands under 42 U.S.C. § 405(g). The Court made clear that the remand initiated by this court was not a sentence four remand. Accordingly, the remand must have been pursuant to sentence six, even though the Tenth Circuit indicated that it "did not fit precisely under sentence six." If remand was pursuant to sentence six, and we now believe that it was, then this court should have retained jurisdiction.

The court shall construe plaintiff's applications for fees as a request for entry of final judgment. *See Ground v. Sullivan*, 785 F.Supp. 1407, 1411 (S.D.Cal.1992). Although the Commissioner has not filed a copy of the ALJ's decision on remand or a transcript of the proceedings that occurred before the ALJ as required by 42 U.S.C. § 405(g), there is no dispute that judgment may be entered against him in the amount of $69,116.00. The court shall grant plaintiff's request and direct that final judgment be entered in this case. With the entry of final judgment, the court shall then consider whether plaintiff's application for EAJA fees is premature.

As noted earlier, the time period for filing motions for EAJA fees begins to run after the time for appealing the district court judg-

ment has expired, or sixty days from the entry of final judgment by the court. The government has indicated that it has no intention of appealing the decision of the Social Security Administration. Accordingly, the sixty-day appeal interval is rendered unnecessary and moot. *Ground*, 785 F.Supp. at 1411. Accordingly, the court shall now consider the plaintiff's application for EAJA fees as timely filed.

**B.**

■ Plaintiff contends that the position of the Commissioner in this case was not substantially justified. The Commissioner asserts that this court has previously determined that his position was substantially justified and that nothing has changed since that time.

A district court may award attorney fees to a prevailing party only if the litigation position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(A). Although the EAJA does not define "substantially justified," the Supreme Court has held that this term means a position that is

"justified in substance or in the main"— that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

*Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted). And in a footnote answering a comment contained in a concurrence, the Court offered the following elaboration: "[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n. 2, 108 S.Ct. 2541.

The court thoroughly examined the issue of whether the position of the Commissioner in this case was substantially justified in our order of March 5, 1997. The court is in agreement with the Commissioner that nothing has occurred since that decision that

would change the prior evaluation. The court notes that the favorable decision·issued by the ALJ after remand was based upon the evaluation of 55 exhibits while the initial decision of the ALJ had been based on only 29 exhibits. The court continues to believe that the Commissioner's position in this case, both legally and factually, was reasonable. Accordingly, the court shall deny plaintiff's application for EAJA fees.

### III.

Plaintiff's counsel next contends that he is entitled to fees under the Social Security Act because plaintiff has now received a favorable decision from the Social Security Administration. He seeks a fee of $17,279.00 in accordance with the contingency fee he entered into with plaintiff. He notes that he has spent 54.60 hours litigating this case in court. He suggests that an hourly rate of $128.61 would be reasonable.

The Commissioner had originally taken some positions in opposition to plaintiff's request for fees under § 406(b). However, in a recently filed memorandum, the Commissioner has amended his stance. He now agrees that plaintiff is entitled to an award of fees under § 406(b). He does, however, continue to argue that plaintiff's counsel has received all of the fees that he is entitled to because he has been paid the amount due him under his contract with plaintiff.

### A.

The court shall first consider the Commissioner's argument that plaintiff's counsel has received all of the fees that he is entitled to in this case. He argues that the contract entered into between plaintiff and his counsel limited his counsel's fee to 25% of past due benefits or $4,000.00, whichever was lesser. He points out that this fee has been paid to plaintiff's counsel. After careful consideration of the facts and law concerning this issue, the court disagrees with the position taken by the Commissioner.

Plaintiff and his counsel entered into a fee agreement that provided that, for his services in this case, counsel would receive 25% of "any and all amounts recovered and paid as past due benefits in the event of a successful claim." The contract further provided that "[i]f the representation by me before the Social Security Administration results in a favorable claim, I will pay my representative a fee equal to the less of 25 percent of my past due benefits resulting from my claim or $4,000.00." Contrary to the Commissioner's argument, the $4,000.00 cap in the fee contract applied only if the Social Security Administration granted plaintiff's initial application for benefits, thereby obviating the need for judicial review. *See White v. Callahan,* 1997 WL 447673 at * 3 n. 7 (D.Kan.1997). Once the case proceeded to district court, the $4,000.00 cap no longer limited his counsel's fee recovery. *Id.* Instead, plaintiff's counsel was entitled to up to 25% of any and all amounts recovered and paid as past due benefits. *Id.*

### B.

Finally, we turn to a determination of the appropriate fee award. In reaching this decision, the court must be guided by *Hubbard v. Shalala,* 12 F.3d 946 (10th Cir.1993). However, my fellow judges in Topeka have reached differing conclusions on how to interpret *Hubbard.* Compare *Umscheid v. Apfel,* 2 F.Supp.2d 1438 (D.Kan.1998) (Judge Saffels applies lodestar method and does not enforce contingent fee contract, but considers possibility of enhancement for rendering services on contingency basis) with *Hayes v. Callahan,* 973 F.Supp. 1290 (D.Kan.1997) (Judge Crow enforces contingency fee contract unless resulting fee is unreasonable). The court shall follow the approach taken by Judge Saffels because we find that it comes closer to following the dictates of *Hubbard.* Accordingly, we shall initially calculate the lodestar amount—the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Then, we shall consider whether any enhancement is appropriate, particularly whether plaintiff's counsel should receive an enhancement based on the contingent nature of his fee.

The court has carefully considered the hours expended by plaintiff's counsel and we find them reasonable. Moreover, the court is persuaded that the hourly rate sought by plaintiff's counsel is appropriate. Accordingly, the lodestar amount for the work per-

**1308**

formed by plaintiff's counsel in court is $7,022.11. The court intends, however, to enhance the lodestar amount based on the presence of the contingency fee contract. *See Umscheid,* 2 F.Supp.2d at 1441; *Ott v. Apfel,* 994 F.Supp. 1318, 1321 (D.Kan.1998). The court shall enhance the award by 33% to the amount of $9,339.41. This will allow plaintiff's counsel additional fees for the risk he took in taking this case. This amount shall be in addition to the $4,000 that plaintiff's counsel has received from the Commissioner for his services in the administrative proceedings.

**IT IS THEREFORE ORDERED** that the Clerk enter final judgment in this case in favor of the plaintiff and against the defendant in accordance with the decision of the Social Security Administration on March 6, 1998.

**IT IS FURTHER ORDERED** that plaintiff's renewed application for an award of attorney fees under the Equal Access to Justice Act (Doc. # 46) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's renewed motion for a determination and award of attorney fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. # 50) be hereby granted. Plaintiff's counsel is hereby awarded fees in the amount of $9,339.41 for the work performed in court.

**IT IS SO ORDERED.**