**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ELGIN L. HARTTER,

Plaintiff-Appellant,

v.

KENNETH S. APFEL,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

Defendant-Appellee.

No. 99-3095
(D.C. No. 95-4184-RDR)
(D. Kan.)
(36 F. Supp. 2d 1303)

ORDER AND JUDGMENT *

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal is taken from the district court denial of plaintiff's renewed application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Plaintiff applied for disability benefits in November of 1993, alleging disability from Post-Traumatic Stress Disorder (PTSD) as of January 1993. Following a hearing, the administrative law judge (ALJ) determined plaintiff was not disabled. This decision was upheld by the Appeals Council and became the final decision of the Commissioner. Plaintiff then filed his complaint in district court.

In addition to his complaint, plaintiff filed new evidence of disability. On review of this additional evidence, the government filed a motion to remand the matter and secured the agreement of the Appeals Council to remand the matter to the ALJ for further consideration. See Appellant's App. Vol. I at 38-40. Plaintiff concurred in the motion, but preserved his claim that he was entitled to an immediate award of benefits. See id. at 42-43. The district court granted the government's motion and entered judgment remanding the matter to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four. See id. at 45.

Plaintiff then filed his first application for fees under both the Social Security Act, 42 U.S.C. § 406 (b)(1), and the EAJA. [1] The district court held that the application under § 406(b)(1) was premature because no final decision had been issued on plaintiff's claim. See Hartter v. Chater, 963 F. Supp. 956, 958 (D. Kan. 1997). The court denied EAJA fees upon determining that the government's position was substantially justified. See id. at 958-59. Specifically, the court noted that

> [T]he new evidence filed by the plaintiff tipped the scales and required reevaluation of the Commissioner's findings. Plaintiff's counsel recognized the significance of the new evidence in the initial brief and in the motion to supplement the record. Counsel for the Commissioner also recognized the importance of the new evidence and immediately sought remand.

See id. at 959.

On appeal, this court determined that because the district court had not affirmed, modified or reversed the Commissioner's decision but merely remanded the action to the Appeals Council, plaintiff "was not a prevailing party, [and] the district court did not have subject matter jurisdiction to consider his EAJA fee application." Hartter v. Apfel, No. 97-3115, 1998 WL 208871 at **5 (10th Cir.

---

[1]     28 U.S.C. § 2412(d)(1)(A) provides that "[e]xcept as otherwise specifically provided for by statute, a court shall award to a prevailing party . . . fees . . . unless the court finds that the position of the United States was substantially justified . . . ."

April 29, 1998) (unpublished order and judgment). We therefore vacated the district court's order denying the fee application. See id.

Meanwhile, following the district court's remand, the ALJ had conducted a supplemental hearing. On consideration of the evidence of record, including evidence not available at the time of the first hearing, the ALJ determined that plaintiff was disabled. Plaintiff was subsequently awarded benefits and back benefits to his initial disability onset date. See Appellant's App. Vol. I at 63-67.

Plaintiff then filed a renewed application for fees. The district court entered judgment against the Commissioner in the amount of $69,116.00, see Hartter v. Apfel, 36 F. Supp. 2d 1303, 1306 (D. Kan. 1999), and proceeded to consider the fee application under both the Social Security Act and the EAJA. See id. at 1306-08. Fees were awarded pursuant to § 406(b)(1) and are not at issue here.

The district court determined that nothing had occurred since its earlier denial of EAJA fees to change the court's earlier evaluation, Hartter v. Apfel, 36 F. Supp. 2d at 1306-07, noting that the favorable decision awarding benefits was based on some fifty-five exhibits whereas the initial decision had been based on only twenty-nine. See id. at 1307. The court remained persuaded "that the Commissioner's position in this case, both legally and factually, was reasonable." Id.

-4-

The issue before us in this appeal is whether the government's position was substantially justified. The standard that informs our review of the matter is whether the district court abused its discretion in making that determination. See Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995). The test for substantial justification is one of reasonableness in law and fact. See id.

Substantially justified means "'justified in substance or in the main--that is justified to a degree that could satisfy a reasonable person.'" Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1998) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The government bears the burden of establishing that its position was substantially justified. See id. A position, even though not correct, can be substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce, 487 U.S. at 566 n.2. Finally, lack of substantial evidence in support of the merits "does not necessarily mean that the government's position was not substantially justified." Hadden, 851 F.2d at 1269. Although success or failure at each level may be evidence of whether the government's position was substantially justified, that success or failure alone does not determine the issue. See id. at 1267.

Plaintiff's primary argument underlying his claim that the government's position was not substantially justified is that in the initial denial of benefits, the ALJ ignored the treating physician rule. That rule requires the ALJ to give

controlling weight to the treating doctor's opinion about the nature and severity of a claimant's impairments if the opinion is both well supported by clinical and diagnostic techniques and not inconsistent with other substantial evidence in the record.  See Bean v. Chater , 77 F.3d 1210, 1214 (10th Cir. 1995).

In his first opinion denying benefits, the ALJ had found that the opinions of the treating Veteran's administration (VA) physicians were inconsistent both with the VA's own disability assessment of 50% based on plaintiff's PTSD and with the evaluation of the government's consultant.  See Appellant's App. Vol. I at 25-27.  The ALJ also found the VA physicians' opinions unpersuasive given plaintiff's ability to work for approximately twenty-three years without suffering the effects of his Vietnam experience with such severity as to prohibit work activity, as well as inconclusive results of a Minnesota Mulitphasic Personality Inventory assessment.  See id. at 25.[2]  Additional evidence submitted to the Appeals Council did not provide a basis for changing the ALJ's decision.  [3]

---

[2]     This assessment actually listed plaintiff's responses as resulting in an invalid profile.  See Appellant's App. Vol. II at 304.

[3]     Included in this additional evidence was a special outpatient report filed by Dr. Bradshaw, another VA physician.  Although Dr. Bradshaw lists plaintiff has having PTSD, this report is dated after the ALJ's decision.  Moreover, although plaintiff characterizes Dr. Bradshaw as a "treating physician,"     see Appellant's Br. at 15-16, this report appears to be the only contact Dr. Bradshaw had with plaintiff.

By the time of the second decision, there was considerably more--and more recent--medical evidence in support of awarding benefits; indeed, the decision awarding benefits is based primarily on evidence produced after the initial decision, e.g., reports from additional treating and examining physicians and a new disability rating of 100% by the Veterans' Administration. Moreover, the Commissioner affirmatively sought the remand in view of this new evidence not available for the ALJ's initial consideration.

As stated earlier, the district court determined that plaintiff's new evidence "tipped the scales and required reevaluation of the Commissioner's findings." Hartter v. Chater, 963 F. Supp. at 959. The court also noted that although it was not suggesting the Commissioner's initial decision denying benefits was supported by substantial evidence, the government's position taken prior to the motion for remand and as a basis for the remand was substantially justified. Under the circumstances, we conclude that the district court did not abuse its discretion in denying EAJA fees.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge