Elgin **HARTTER**, Plaintiff,

v.

**Shirley S. CHATER, Commissioner
of Social Security, Defendant.**

No. 95–4184–RDR.

United States District Court,
D. Kansas.

March 5, 1997.

Kelly C. Brown, Kenneth M. Carpenter, Carpenter Chartered, Topeka, KS, for plaintiff.

D. Brad Bailey, Office of United States Attorney, Topeka, KS, for defendant.

### *MEMORANDUM AND ORDER*

ROGERS, Senior District Judge.

This matter is presently before the court upon plaintiff's motion for a determination and award of attorney fees pursuant to 42 U.S.C. § 406(b)(1) and plaintiff's application for an award of fees, costs and expenses under the Equal Access to Justice Act. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

Plaintiff filed this action seeking social security disability benefits on November 17, 1995. Plaintiff filed his initial brief on July 1, 1996. In that brief, plaintiff argued that the final decision of the Commissioner was not supported by substantial evidence. Plaintiff also argued, in the alternative, that this case should be remanded for the consideration of new and material evidence. In support of this contention, plaintiff included a letter from one of plaintiff's treating physicians dated April 17, 1996, stating that plaintiff was totally disabled due to the severity of the symptoms that he experienced from Post Traumatic Stress Disorder (PTSD). On August 28, 1996, plaintiff sought to supplement his brief with additional new evidence. This new evidence consisted of a report from the Department of Veterans Affairs concerning his request for 100% disability based upon service-connected PTSD. On September 10, 1996, the defendant filed a motion to remand. In the memorandum in support of the motion, the defendant stated the following:

> After careful review of the administrative law judge's (ALJ) decision, Tenth Circuit law, and the additional evidence submitted after the ALJ's decision, undersigned defendant's counsel asked the Appeals Council to consider remand for further consideration of plaintiff's claim. Upon receiving the Court's remand order, the Appeals Council has agreed to remand this case to an ALJ for further consideration to the opinions of plaintiff's treating physicians and of the effect of plaintiff's mental condition on his ability to work. Updated reports from the Veterans Administration and any other treating source will be requested.

The Commissioner makes every effort to ensure that her decisions comply with Tenth Circuit law. Unfortunately, the necessity for remand of this case was not discovered until the case reached defendant's legal counsel for briefing. Remand would expedite administrative review, en-

sure that the Commissioner properly considers plaintiff's claim, and could make judicial review unnecessary.

On September 24, 1996, the court granted the defendant's motion and remanded the case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration of plaintiff's claim.

Plaintiff filed the instant application for fees on October 24, 1996. Plaintiff seeks attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1).

█ The court shall initially consider plaintiff's motion for fees under 42 U.S.C. § 406(b)(1). As correctly pointed out by the defendant, the court is without authority to grant fees under this section. The court has not been advised that a final decision after remand has been issued by the Social Security Administration. Without a final decision from the SSA on plaintiff's claim, the court has no authority to grant fees under 406(b)(1). *Hoffman v. Chater*, 924 F.Supp. 117, 119 (D.Kan.1996). Accordingly, this motion shall be denied as premature.

█ The court next turns to plaintiff's motion for fees under the EAJA. Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A sentence four remand makes the plaintiff a prevailing party under the EAJA. *See Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir.1995). The issue here is whether the Commissioner's position taken in both the administrative proceedings and the civil action was "substantially justified," as that term is used in the EAJA. The Supreme Court explained "substantially justified" as " 'not justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). This is just another way of saying the Secretary's

position must have a "reasonable basis in law and fact." Id. Though a position can be justified without being correct, a position is not substantially justified unless a reasonable person could think it correct. *Id.* at 566, 108 S.Ct. at 2550-51. "[S]ubstantially justified" plainly means more than being "undeserving of sanctions for frivolousness." Id.

█ The Secretary carries the burden of proving her position was substantially justified. *Gutierrez v. Sullivan*, 953 F.2d 579, 584 (10th Cir.1992), *cert. denied*, 509 U.S. 933, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993). The reasonableness test has three components: (1) a reasonable basis for factual allegations; (2) a reasonable legal theory; and (3) a reasonable factual support for the legal theory advanced. *Id.* at 585. "In determining whether Secretary was substantially justified, court should focus on government's position on [the] issue[s] that led to remand rather than on the ultimate issue of disability." *Jenkins v. Chater*, 81 F.3d 172, 1996 WL 145677, at *2 (10th Cir. 4/1/96) (table) (citing *Flores v. Shalala*, 49 F.3d 562, 566, 572 (9th Cir.1995)).

In its motion for fees, plaintiff contends that the Commissioner's position was not substantially justified for the following reasons:

> The record in this case is replete with three long term treating psychiatrists' medical reports proffering expert medical opinion as early as 1993, that the plaintiff's "Post Traumatic Stress Disorder is so extreme that he ... lives a constricted, isolated, completely work-disabled life"; long before his date of last insured of December 1997. The ALJ concurred that there is no evidence that the plaintiff had engaged in substantial gainful activity after his alleged onset date of disability of January 13, 1993. There is absolutely no evidence of any value or weight to the contrary, and the agency has been unable to point to a single piece of substantial evidence on the record—not the objective treating physician opinions, nor the work history or earnings record to support its denial to any "reasonable mind." The agency's reliance on a medically-discredited government-employed consultative Ph.D. report and an

incomplete and pending Department of Veterans Affairs claim, is completely unreasonable. The agency's failure to recognize or apply the well-known "treating physician's rule," in existence for many years, is unexcusable (sic).

As support for the contention that her position was substantially justified, the Commissioner points to the following:

The Commissioner agreed to accept remand voluntarily of this case primarily based upon medical evidence which was not part of the record, was not available for the ALJ's consideration, and which reflected plaintiff's condition 15 to 18 months after the ALJ's decision. Also supporting the ALJ's decision were the report of the consulting psychologist, the [Department of Veterans Affairs] 1994 determination that plaintiff had only a 50 percent disability based upon his mental impairment, and his lengthy history of performing substantial gainful activity despite his condition.

Having carefully reviewed the record in this case, the court is persuaded that the Commissioner has demonstrated that her position was substantially justified. The Commissioner has demonstrated that her position, both legally and factually, was reasonable. In reaching this conclusion, the court does not intend to suggest that we believe the Commissioner's final decision was supported by substantial evidence, only that the position taken prior to its motion for remand and as a basis for the remand was substantially justified. The court believes that the new evidence filed by the plaintiff tipped the scales and required reevaluation of the Commissioner's findings. Plaintiff's counsel recognized the significance of the new evidence in the initial brief and in the motion to supplement the record. Counsel for the Commissioner also recognized the importance of the new evidence and immediately sought remand. The court does not find that under these circumstances plaintiff is entitled to attorney's fees under the EAJA. Accordingly, the plaintiff's application for fees under the EAJA shall be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a determination and award of attorney fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. # 21) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's application for an award of fees, costs and expenses under the Equal Access to Justice Act (Doc. # 22) be hereby denied.

**IT IS SO ORDERED.**