**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELGIN L. HARTTER,

  Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

  Defendant-Appellee.

No. 97-3115
(D.C. No. 95-4184-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[**]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for John J. Callahan, former Acting Commissioner of Social Security, as the defendant in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This appeal requires us to differentiate between remands pursuant to sentences four and six of 42 U.S.C. § 405(g) in the context of an application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff Elgin L. Hartter brought this action challenging the Commissioner's denial of his claim for Social Security disability benefits. On the Commissioner's motion, which was based partly on Hartter's submission of new evidence, the district court remanded the matter to the Commissioner, ostensibly pursuant to the fourth sentence of § 405(g). Obtaining a sentence-four remand ordinarily makes a party a prevailing party, and on that basis, Hartter filed an application for attorney fees under the EAJA. The district court denied the application on the merits, see Hartter v. Chater, 963 F. Supp. 956 (D. Kan. 1997), and Hartter appeals. We conclude that the court's remand for further administrative proceedings was not a true sentence-four remand because it did not modify or reverse the Commissioner's decision denying benefits. The remand thus did not make Hartter a prevailing party for EAJA purposes. We therefore vacate the district court's judgment.

-2-

# I

In February 1993, Hartter applied for disability insurance benefits, claiming disability due to post-traumatic stress disorder related to his Vietnam War experiences. The application was denied by an administrative law judge at step-five of the sequential process for determining disability. See 20 C.F.R. § 404.1520. Hartter sought review from the Appeals Council, accompanying his request with additional notes and an opinion from his treating psychiatrist that had not been provided to the ALJ. The Appeals Council denied review.

Hartter then filed a complaint in the district court seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Commissioner answered. In his opening brief, Hartter argued that the Commissioner's decision was incorrect because the Commissioner failed to properly consider the opinions of his treating physicians. Alternatively, Hartter requested that the case be remanded to the Commissioner, pursuant to the sixth sentence in § 405(g), for consideration of a treating psychologist's report issued after initiation of the district court proceedings. Before the Commissioner filed a response brief, Hartter moved to supplement the record with additional medical evidence unavailable at the time he filed his opening brief, and, again, alternatively requested a sentence-six remand for consideration of the new evidence. After reviewing the "[ALJ's] decision, Tenth Circuit law, and the additional evidence

submitted after the ALJ's decision," the Commissioner filed his own motion to remand the case for the ALJ's "further consideration [of] the opinions of plaintiff's treating physicians" and updated medical evidence. Appellant's App. Vol. I at 73. In his supporting memorandum, the Commissioner stated that

> the necessity for remand of this case was not discovered until the case reached defendant's legal counsel for briefing. Remand would expedite administrative review, ensure that the Commissioner properly considers plaintiff's claim, and could make judicial review unnecessary.
>
> For the above-stated reasons, and pursuant to the Supreme Court's decision in Shalala v. Schaefer, 509 U.S. 292 (1993), defendant requests the Court to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure remanding this case *pursuant to sentence four* of 42 U.S.C. § 405(g). Entry of the final judgment remanding this case will begin the appeal period which determines the 30-day period during which a timely application for attorney fees under the EAJA may be filed.

Id. at 73-74 (emphasis added). In his reply brief, Hartter concurred with the motion for remand and did not challenge the Commissioner's request that it be pursuant to sentence four. He also contended, apparently in the alternative, that because the record prior to the Appeals Council's denial of review already supported his entitlement to benefits, the remand order should include "an additional direction by the Court to grant and award the plaintiff's requested benefits, finding that the prior denial by the administrative agency was not substantially justified." Id. at 70. The district court agreed to the remand, but rejected Hartter's request for an "additional direction," ordering only that

> [t]his action is hereby remanded to the Appeals Council for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter final judgment pursuant to Fed. R. Civ. P. 58.

Id. at 68. The court's judgment directing the remand also ordered that Hartter recover his costs from the Commissioner. See id. at 67; see also Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the *prevailing party* unless the court otherwise directs.") (emphasis added).

Within thirty days following the court's judgment, Hartter filed his application for EAJA fees. The EAJA provides in part that when a party prevails in a civil action against the United States challenging administrative actions, the "court shall award to a prevailing party" its fees and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In its decision denying Hartter's application, the court noted that the "sentence four remand makes the plaintiff a prevailing party under the EAJA." Hartter, 963 F. Supp. at 958. The court denied the application because it concluded that the Commissioner's position was substantially justified.

> In reaching this conclusion, the court does not intend to suggest that we believe the Commissioner's final decision was supported by substantial evidence, only that the position taken prior to its motion for remand and as a basis for the remand was substantially justified. The court believes that the new evidence filed by the plaintiff tipped the scales and required reevaluation of the Commissioner's findings.

-5-

Id. at 959. Hartter then filed motions to reconsider, to amend, and to vacate the court's order denying EAJA fees. The court denied all three motions.

## II

On appeal, both parties argue the merits of the district court's determination that the Commissioner's position in denying benefits to Hartter was substantially justified, thus precluding the award of attorney fees under the EAJA. Underlying both parties' arguments, and the district court's analysis, is the presumption that the district court's remand of the case to the Commissioner for further proceedings made Hartter a prevailing party for EAJA purposes. It is ordinarily true that "a judgment reversing and remanding a case to the [Commissioner] for additional proceedings under sentence four of 42 U.S.C. § 405(g) . . . makes a plaintiff a prevailing party for purposes of the EAJA." Goatcher v. Chater, 57 F.3d 980, 981 (10th Cir. 1995). The problem here is that we do not have a true sentence-four remand.

Under § 405(g), there are only two possible types of remands--those under sentence four and those under sentence six. See Melkonyan v. Sullivan, 501 U.S. 89, 99 (1991).[1]

---

[1] Sentences four and six of 42 U.S.C. § 405(g) provide:

"[4] The [district] court shall have power to enter, upon the pleadings

(continued...)

> Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the [Commissioner's] decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the [Commissioner's] decision, but only if the claimant shows good cause for failing to present the evidence earlier.

Id. at 99-100 (footnote omitted).[2] The remand order here contains aspects of both types. Like a sentence-four remand, the court entered judgment rather than retaining jurisdiction over the matter. See Shalala v. Schaefer, 509 U.S. 292, 297 (1993) ("Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with

---

[1](...continued)

> and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing. . . . [6] The court may, on motion of the [Commissioner] made for good cause shown before he files his answer, remand the case to the [Commissioner] for further action by the [Commissioner], and it may at any time order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the [Commissioner] shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

[2] The omitted footnote refers to the other basis for a sentence-six remand--a motion by the Commissioner before he or she files an answer. As in Melkonyan, that basis for remand is not implicated in this case.

the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand.").  And of course, the court labeled its remand a sentence-four remand.

Significantly, however, like a sentence-six remand, the court did not make any substantive ruling "modifying or reversing" the Commissioner's decision. Cf. Melkonyan, 501 U.S. at 98 (concurring with parties that "the remand order in this case was not entered pursuant to sentence four, as the District Court did not affirm, modify, or reverse the [Commissioner's] decision"); Pettyjohn v. Shalala, 23 F.3d 1572, 1575 (10th Cir. 1994) ("Because the district court's order was a substantive reversal based upon the correctness of the [Commissioner's] decision, it was a sentence four remand.").  In fact, the court declined to grant Hartter's request to reverse or modify the Commissioner's decision and to award benefits. Moreover, it expressly refrained from making any substantive ruling or identifying anything that the Commissioner did wrong.  See Hartter, 963 F. Supp. at 959 ("[T]he court does not intend to suggest that we believe the Commissioner's final decision was supported by substantial evidence, only that the position taken . . . was substantially justified.").[3]

---

[3]     As explained earlier, it was the Commissioner who expressly requested a sentence-four remand.  Not surprisingly, the Commissioner did not ask the district court to modify or reverse his decision denying benefits.  However, the basis for the Commissioner's request for remand also did not fit precisely under sentence

(continued...)

Regardless of how we label the remand, this last point is the most critical for present purposes. Prevailing party status is a threshold requirement to recovery under the EAJA, and to obtain that status, a plaintiff must have "'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" Schaefer, 509 U.S. at 302 (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989)). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties . . . ." Garland, 489 U.S. at 792-93. Hartter does not satisfy the threshhold prevailing party requirement of the EAJA when the district court only remands the case and makes no substantive ruling on the Commissioner's decision. The remand allowed the Commissioner to consider new evidence, but the district court did not rule on the correctness of the Commissioner's decision to deny benefits. It thus did not change the legal relationship between the parties. Hartter "achieved only another bite at the apple." Jackson v. Chater, 94 F.3d 274, 277-78 (7th Cir. 1996) (holding that remand for ALJ to take additional evidence, though construed as a sentence-four

[3](...continued)
six, as it was only "primarily based" on new material evidence. See Hartter, 963 F. Supp. at 959 (quoting Commissioner's brief in opposition to EAJA fees, Appellant's App. Vol. I at 46).

remand, did not make plaintiff prevailing party, where remand order did not reverse Commissioner's position).

Led by the Commissioner, the district court appears to have thought it had jurisdiction to entertain Hartter's timely fee application without first considering whether Hartter was a prevailing party. Indeed, in moving for the remand, the Commissioner stated that "[e]ntry of the final judgment remanding this case will begin the appeal period which determines the 30-day period during which a timely application for attorney fees under the EAJA may be filed." Appellant's App. Vol. I at 74. A timely application is a jurisdictional prerequisite, see United States v. 819.98 Acres of Land, 78 F.3d 1468, 1470 n.1 (10th Cir. 1996); United States v. 27.09 Acres of Land, 1 F.3d 107, 111 (2d Cir. 1993), but prevailing party status is also jurisdictional. While the Commissioner has never argued in this court or the district court that Hartter is not a prevailing party, we disagree with Jackson, 94 F.3d at 278, that it is an issue that can be waived.

"The EAJA is a waiver of sovereign immunity and therefore must be strictly construed." Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991). Prevailing party status is a prerequisite to that waiver. See Heeren v. City of Jamestown, 39 F.3d 628, 631 (6th Cir. 1994). Allowing the Commissioner to "waive" the prevailing party requirement would be tantamount to allowing him to expand the waiver of sovereign immunity, which he cannot do. See United

States v. Murdock Mach. & Eng'g Co., 81 F.3d 922, 933 (10th Cir. 1996) ("'[O]fficers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision of Congress.'") (quoting United States v. New York Rayon Importing Co., 329 U.S. 654, 660 (1947)); 27.09 Acres of Land, 1 F.3d at 111 (rejecting government's argument that it could waive prematurity of EAJA application).

Because Hartter was not a prevailing party, the district court did not have subject matter jurisdiction to consider his EAJA fee application. We therefore must vacate the district court's order denying the application and direct the district court to dismiss the petition.

The judgment of the district court is VACATED, and the case is REMANDED for entry of an order dismissing the EAJA application.

Entered for the Court

Mary Beck Briscoe
Circuit Judge