**E.L. HARRIS, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

**No. 85-2898.**

United States Court of Appeals, Tenth Circuit.

Dec. 31, 1987.

---

Gary J. Martone, Albuquerque, N.M., for plaintiff-appellant.

Ronald F. Ross, Asst. U.S. Atty., William L. Lutz, U.S. Atty., Albuquerque, N.M., with him on the response, for defendant-appellee.

Before McKAY and ANDERSON, Circuit Judges, and THOMPSON, District Judge.[*]

STEPHEN H. ANDERSON, Circuit Judge.

Claimant Harris was the prevailing party before this court in a prior action for disability benefits. *Harris v. Secretary of*

*Health & Human Servs.*, 821 F.2d 541 (10th Cir.1987). Pursuant to 42 U.S.C. § 406(a) (1982), the Social Security Administration has withheld twenty-five percent of Harris' back benefits and is awaiting action from the court as to reasonable attorney's fees to be paid therefrom. The claimant has now filed a motion, pursuant to 42 U.S.C. § 406(b)(1) (1982), for attorney's fees of $4,342 for legal services rendered before the Social Security Administration and before the federal courts.

The claimant seeks reimbursement of counsel at the rate of $130 per hour for 33.4 hours of service. Of those hours, 12.3 are for service rendered at the agency level. We find that claimant's counsel is entitled to a reasonable fee under § 406(b)(1); however, the fee thereunder is only for services rendered at the judicial level. In accord with decisions in the First, Third, Fourth, Eighth, and Ninth Circuits, we hold that the Secretary of Health and Human Services alone is empowered to award attorney's fees for services rendered at the administrative level. *See Guido v. Schweiker*, 775 F.2d 107 (3d Cir.1985); *Whitt v. Califano*, 601 F.2d 160 (4th Cir. 1979); *MacDonald v. Weinberger*, 512 F.2d 144 (9th Cir.1975); *Fenix v. Finch*, 436 F.2d 831 (8th Cir.1971); *Gardner v. Menendez*, 373 F.2d 488 (1st Cir.1967).

We believe that the majority view is more persuasive than that of the Sixth Circuit in *Webb v. Richardson*, 472 F.2d 529 (6th Cir.1972). The Sixth Circuit is the sole circuit to hold that a court ultimately upholding a claim for benefits can award attorney's fees for work performed at both the administrative and judicial levels. Although a single petition before the court for an award of attorney's fees at both levels has the advantages of efficiency and of assuring that the double award does not exceed the statutory ceiling of twenty-five percent of past benefits, it does not track the actual statutory language closely. Under 42 U.S.C. § 406(b)(1) (1982), "[w]henever a court renders a judgment favorable to a claimant ... who was represented before

[*] Hon. Ralph G. Thompson, Chief Judge, U.S. District Court, Western District of Oklahoma, sitting by designation.

the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee *for such representation....*" This language suggests that the court is given the authority to set fees for representation before the court, not for fees for representation before the agency. Such a view is bolstered by language in section 406(a) empowering the Secretary to "prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary...." While this language alone need not preclude the court from awarding a fee for services at the administrative level, the amount of reimbursement would be limited by the maximum rate set by the Secretary, whether or not that rate was seen as "reasonable" by the court. To us, this dissonance adds support to the view that each tribunal (court and agency) is to operate in its own bailiwick, with its own expertise guiding reimbursements within its sphere of operation. Additional persuasive reasons for our holding are provided in *Guido v. Schweiker,* 775 F.2d at 108–109.

 Because the parties in this case dispute the amount of fees to be awarded, we remand to the district court for calculation of a reasonable fee.[1] *See Kemp v. Bowen,* 822 F.2d 966, 968 (10th Cir.1987); *Fulton v. Heckler,* 784 F.2d 348, 349 (10th Cir.1986) (proper calculation of attorney's fees involves resolution of disputed issues of fact that are best determined by district court). Here, the fee calculation requires, among other things, a factual determination of the rates prevailing in the community for similar services.

REMANDED to district court for determination of fees in accordance with this order.

---

**1.** We note that federal appellate courts which have addressed the issue agree that the collective fees awarded for services at both administrative and judicial levels cannot exceed 25% of the total of the past-due benefits to which the claimant is entitled. *Morris v. Social Security Admin.,* 689 F.2d 495 (4th Cir.1982); *Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972); *Dawson v. Finch,* 425 F.2d 1192 (5th Cir.1970), *cert.* *denied* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970). Sometimes this may create a need for one tribunal to be aware of what the other has awarded. In the case before us, however, such awareness appears unnecessary because the total amount sought before both tribunals is far less than the amount available from 25% of past-due benefits.