Mary GOATCHER, Plaintiff–Appellant,

v.

Shirley S. CHATER, Commissioner of Social Security,* Defendant–Appellee.

No. 94–6108.

United States Court of Appeals, Tenth Circuit.

June 14, 1995.

Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.

## ORDER

This matter is before the court on appellant's motion for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons that follow, we deny the motion as premature, without prejudice to refiling. In doing so, we clarify the events that trigger a timely EAJA fee application.

Appellant was, below, an unsuccessful claimant for social security disability benefits. We determined on appeal that the administrative law judge, whose decision became the final decision of the Secretary, had failed to apply the correct legal standards. Therefore, on April 4, 1995, we entered our opinion to reverse the order of the district court affirming the Secretary's final decision, and to remand the case to the district court for additional proceedings consistent with our opinion. Our mandate issued on May 30, 1995, but the district court has not yet entered its order remanding the case to the Secretary.

* Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103–296. Pursuant to Fed.R.App.P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

** Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

The EAJA requires a court to award fees and other expenses to a prevailing party in a suit against an agency of the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In a suit challenging the denial of social security disability benefits, it is a judgment reversing and remanding a case to the Secretary for additional proceedings under sentence four of 42 U.S.C. § 405(g) that makes a plaintiff a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, — U.S. —, — – —, 113 S.Ct. 2625, 2631–32, 125 L.Ed.2d 239 (1993). Sentence four of § 405(g) states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Secretary], with or without remanding the cause for a rehearing." It is clear from reading the entirety of § 405(g) that the "court" referred to in sentence four is the *district* court. Consequently, it will be the *district* court's order remanding this case to the Secretary that will constitute a "sentence four remand" and make appellant a prevailing party under the EAJA.

By the same token, it will be the *district* court's remand order that will trigger appellant's time to file her fee application.[1] Under EAJA, the prevailing party must apply for fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment in the action" is "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received," *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991) (interpreting 28 U.S.C. § 2412(d)(1)(B)), and is made effective when it has been entered on a separate document in compliance with Fed.R.Civ.P. 58, *Schaefer,* — U.S. at —, 113 S.Ct. at 2632. "The 30–day EAJA clock begins to run after the time to appeal that [effective] 'final judgment' has expired." *Melkonyan,* 501 U.S. at 96, 111 S.Ct. at 2162; *see also Schaefer,* —

U.S. at —, 113 S.Ct. at 2632 (EAJA's thirty-day time limit runs from end of sixty-day period for appeal in social security case); 28 U.S.C. § 2412(d)(2)(G) (" 'final judgment' means a judgment that is final and not appealable"); Fed.R.App.P. 4(a)(1) (when government is party to suit, judgment remains appealable for sixty days).

Despite what the parties appear to assume, our April 4 opinion did not terminate this civil action and was not the final judgment for EAJA purposes. *See Melkonyan,* 501 U.S. at 95–96, 111 S.Ct. at 2162. Our review of the district court's decision in this social security case was authorized by sentence eight of § 405(g): "The judgment of the [district] court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions." In "other civil actions," the courts of appeals have jurisdiction to review final decisions of the federal district courts pursuant to 28 U.S.C. § 1291. *See Bender v. Clark,* 744 F.2d 1424, 1426 (10th Cir.1984). Accordingly, in our April 4 opinion, we reversed and remanded to the district court, not to the Secretary. Although the only additional district court proceeding we contemplate is the entry of an order remanding this case to the Secretary, that order will terminate this action and, when made effective by being entered on a separate document in compliance with Fed. R.Civ.P. 58, will trigger the time to appeal and appellant's time to file her EAJA fee application.

To sum up, an appellant who wins a remand from this court in a social security disability case nevertheless cannot establish his or her entitlement as a prevailing party to apply for EAJA fees until the district court has entered its "sentence four" order of remand to the Secretary. Because the district court has not yet entered its remand order in this case, appellant's fee request is premature at this point in that she can establish neither that she is a "prevailing party" under the EAJA, *see* 28 U.S.C. § 2412(d)(1)(A), nor that there is a "final

---

1. We recognize that we have in the past addressed EAJA fee applications in social security disability cases without regard to whether or when the district court had entered its remand

order. We now establish the proper timing of such applications under the relevant statutes, as interpreted by the Supreme Court.

**982**

judgment in the action," *see* *id.* § 2412(d)(1)(B), as those terms have been defined by the Supreme Court in social security disability cases. Certainly, appellant will be able to establish both of these prerequisites in due course.

■ Because a district court order ultimately triggers the time to file an EAJA fee application in a social security case, and because such applications typically require the resolution of disputed facts, we have decided to establish the policy that EAJA fee applications in social security cases be filed in the first instance in the district court. Appellant's counsel is therefore directed to refile appellant's motion for fees in the district court at the appropriate time.

Motion DENIED without prejudice.