**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 28 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RICHARD H. FRAZIER,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-3367

---

ORDER

---

**Before TACHA** , Chief Judge, **PORFILIO** , **and EBEL** , Circuit Judges.

---

This matter comes before the court on Mr. Frazier's "Supplement to Application for Attorney Fees" filed January 16, 2001. Mr. Frazier had filed his application for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, on October 11, 2000, but then filed a motion to withdraw the application, which we granted on November 1, 2000. *See Goatcher v. Chater* , 57 F.3d 980, 982 (10th Cir. 1995) ("establish[ing] the policy that EAJA fee applications in social security cases be filed in the first instance in the district court"). After he withdrew his application, Mr. Frazier and the Commissioner stipulated that

$7500 was a reasonable amount for an EAJA award, and Mr. Frazier requested, and the district court awarded, that amount. Because there is no pending application in this court to supplement, we therefore construe Mr. Frazier's "Supplement" as a request to reinstate his original application for attorney fees. This, too, however, could lead to a confusing result, since the application is specifically styled as one for fees under the EAJA, and those fees have already been awarded by the district court.

A review of Mr. Frazier's original application and supplement reveals that (without citation to any authority) he also requests approval of his contingency fee contract so that additional attorney fees of $22,674.25 (25% of Mr. Frazier's past-due benefits) withheld by the Commissioner may be released to his attorneys. Mr. Frazier further requests that the order provide that his attorneys credit or refund to him the "smaller of the EAJA fees awarded or the Title II contingency fee award." Appellant's Application at 2. The Commissioner has not responded to Mr. Frazier's requests for fees.

Mr. Frazier's briefing is inadequate. Our research indicates, however, that attorneys who represent winning claimants in social security cases are entitled to receive reasonable fees not to exceed 25% of a claimant's past-due benefits under 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an

attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation . . . ."). EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded. *See Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994) ("Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the Secretary for assuming an unjustified legal position and, accordingly, are paid out of agency funds."). Further, attorney fees under the EAJA are statutorily limited to $125/hour, while the attorney may earn whatever fees are reasonable for the area under § 406. *See* 28 U.S.C. § 2412(d)(2)(A); *Hubbard v. Shalala*, 12 F.3d 946, 947-48 (10th Cir. 1993) (noting that fees under § 406 are limited to reasonableness and to be no more than 25% of past due benefits, and affirming award of $150/hour); *Orner*, 30 F.3d at 1309 (noting that court awarded stipulated amount of $4000 under EAJA and over $18,000 as reasonable fees under § 406). Thus, we see that a court may award fees under both the EAJA and § 406.

In pre-*Goatcher* cases, this court determined the propriety of fee awards under both § 406 and the EAJA but often remanded to the district court for determinations of reasonable amounts. *See, e.g., Kemp v. Bowen*, 822 F.2d 966, 968-69 (10th Cir. 1987); *Harris v. Sec'y of Health & Human Servs.*, 836 F.2d 496, 498 (10th Cir. 1987). We note, however, that it is the district court

-3-

judgment that triggers a claimant's right to request attorney fees under § 406. *See*

§ 406(b)(1)(A); *Goatcher* , 57 F.3d at 981. Therefore, under the principles enunciated in *Goatcher* , a successful claimant should pursue his request for attorney fees under § 406 just as he would a request for fees under the EAJA--in the district court. By doing so, the district court can include language in its order regarding how the two awards, if both are granted, are to be divided between the social security claimant and his or her attorney *See Kemp* , 822 F.2d at 969 (stating that district court order should include language preventing double payment of fees to attorney for same work and that lower of two fees must be refunded to claimant).

Mr. Frazier, through his attorneys, seeks approval of a flat 25% award of the past-due benefits because that is what the contingency contract called for. It would be improper for the district court to blindly approve that amount, however, because this circuit has adopted the lodestar approach to determining reasonable attorney fees under § 406 and we have rejected the blanket contingency fee approach urged by Mr. Frazier's attorneys. *See Hubbard* , 12 F.3d at 948; *see also Hartter v. Apfel* , 36 F. Supp. 2d 1303, 1307 (D. Kan. 1999) (applying lodestar approach and enhancing award because of risk taken by attorney and in consideration of contingency fee contract), *aff'd* , 202 F.3d 282 (10th Cir. 2000).

Mr. Frazier's attorneys may apply for attorney fee awards from the Commissioner for the time spent before the social security administration, as long as 25% of his past-due benefits has not been fully awarded by the district court.    *See Harris* , 836 F.2d at 497.  Any remainder of the benefits withheld for prospective attorney fees but not awarded by either the court or the Commissioner will, of course, be remitted to Mr. Frazier.

We transfer the application and supplement to the district court for the District of Kansas for   a determination of reasonable attorney fees to be awarded under § 406 and proper distribution of the award in light of its previous EAJA award.  *See* 28 U.S.C. § 1631 (granting courts authority to transfer action to court with proper jurisdiction).

Entered for the Court
Patrick Fisher, Clerk of Court

By:
    Keith Nelson
    Deputy Clerk