FILED
United States Court of Appeals
Tenth Circuit

May 7, 2008

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEOLA WRENN, on behalf of
Patricia Wrenn, deceased,

        Plaintiff - Appellant,

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

        Defendant - Appellee.

No. 06-7088

---

**Appeal from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. CIV-03-350-KEW)**

---

Steve A. Troutman of the firm Troutman & Troutman, P.C., Tulsa, Oklahoma, for
Plaintiff - Appellant.

Christopher Carillo, Assistant Regional Counsel, Office of the General Counsel,
Region IV, Social Security Administration, Dallas, Texas (Sheldon J. Sperling,
United States Attorney and Tina M. Waddell, Regional Chief Counsel, Office of
the General Counsel, Region IV, Social Security Administration, Dallas, Texas,
with him on the brief), for Defendant - Appellee.

---

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

**O'BRIEN**, Circuit Judge.

---

This case concerns the district court's determination that the combined attorney fees for representation before the Social Security Administration and on appeal to a district court cannot exceed 25% of past-due benefits. That holding ignores plain statutory language. We reverse and remand for further proceedings.

## I. OVERVIEW OF APPLICATION FOR SOCIAL SECURITY DISABILITY INSURANCE BENEFITS

To assist in understanding the fee structure for representing a Social Security claimant, we provide a brief overview of the application process for Disability Insurance Benefits. *See* 20 C.F.R. § 405.1. A Social Security claimant must first petition the Commissioner of Social Security for benefits. Upon review of the claim, the agency issues an initial determination. A claimant who is dissatisfied with the initial determination may request further review by a federal reviewing official. If the claimant is still dissatisfied, she may request a hearing before an Administrative Law Judge ("ALJ"). The decision of the ALJ is the final decision of the Commissioner unless the claim is referred to the Decision Review Board or Appeals Counsel. *Id.*; *see also* 20 C.F.R. § 404.967. A final decision may be reviewed in federal district court. Should the district court remand the case to the agency for further review, the Appeals Council will either issue a decision or remand the case to an ALJ with instructions. *See* 20 C.F.R.

§ 404.983. During this process, the claimant may be represented by counsel who often charge a fee for representation.

## II. FEES FOR REPRESENTATION

Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims. *See* 42 U.S.C. § 406. Section 406 "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).

A. Administrative Proceedings -- § 406(a)

A claimant may be represented during administrative proceedings by an approved representative or attorney. *See* 42 U.S.C. § 406(a)(1). In many instances, when a claimant is successfully represented by an attorney before the agency, the attorney submits a fee petition to the Commissioner of Social Security. The Commissioner fixes a reasonable fee in accordance with its regulations to compensate the attorney for services performed in connection with the claim. *Id.* Fee petitions may be authorized even if the claimant was unsuccessful. *See* 20 C.F.R. § 404.1725(b)(2).

As an alternative to fee petitions, Congress amended § 406(a) in 1990 to include contingent-fee agreements for representation before the Commissioner

when asserting an entitlement to past-due benefits. *See* Omnibus Budget Reconciliation Act of 1990, Pub. L. No. 101-508, § 5106(a), 104 Stat. 1388 (1990) (codified as amended at 42 U.S.C. § 406(a)(2)). The nature of these agreements makes the award of a fee contingent on the claimant being successful and "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. The contingent-fee agreement must be submitted to the Commissioner for approval in advance of a ruling. *See* 42 U.S.C. § 406(a)(2)(A). As long as the fee does not exceed the lesser of 25% of past due benefits or $4,000[1] and the claimant is successful, the Commissioner will approve the agreement at the time of the favorable determination. *Id.* The amount approved is the maximum fee the representative or attorney may collect for such representation. *See* 42 U.S.C. § 406(a)(2)(A) and (a)(3)(5).

B. Court Representation -- § 406(b)

Fees for court representation often arise when the claimant appeals from an adverse decision by the agency. Under 42 U.S.C. § 406(b), whenever a court finds in favor of a claimant who was represented by an attorney, it may determine a reasonable fee for court representation, not in excess of 25% of the past-due benefits awarded by reason of the judgment. 42 U.S.C. § 406(b)(1)(A). Section

---

[1] The $4,000 limit was increased by the Commissioner of Social Security to $5,300 in 2002. *See* 67 Fed. Reg. 2477 (2002).

406(b) also "allows a district court to award attorneys' fees in conjunction with a remand for further proceedings; it is not required, as a predicate to a § 406(b)(1) fee award, that the district court remand for an award of benefits." *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006). The only requirement is "the claimant eventually be awarded past-due benefits, whether at the agency level or during further judicial proceedings." *Id*. No other fee may be withheld or paid for court representation except as determined by the court. 42 U.S.C. § 406(b)(1)(A) and (b)(2).

In order to protect an attorney from non-payment at the agency and/or court level, the Commissioner may withhold up to 25% of the past-due benefits awarded to pay directly to the attorney. *See* 42 U.S.C. § 406(a)(4) and (b)(1)(A). If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference. At that point the attorney stands on the same level as other judgment creditors in attempting to collect. *See generally Tom v. First Am. Credit Union*, 151 F.3d 1289, 1291-93 (10th Cir. 1998) (Congress chose to protect Social Security beneficiaries from creditors who utilized the judicial system and creditors who devised their own extra-judicial methods of collecting debts); 42 U.S.C. § 407(a) (disability insurance benefits are

not transferable or assignable nor are they subject to execution, levy, attachment, garnishment or other legal process).

C. EAJA Fees

Apart from fees which may be awarded to an attorney for court representation, a claimant may seek to defray the cost of appealing from an agency decision to a court under the Equal Access to Justice Act ("EAJA") fee shifting statute. *See* 28 U.S.C. 2412. EAJA fees are assessed against the United States when its actions were not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). In the Social Security context, EAJA fees are awarded to the prevailing party in addition to and separate from fees awarded for representation before the court under 42 U.S.C. § 406(b)(1)(A). *See Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001); *McGraw*, 450 F.3d at 497 ("[A]n EAJA award is to the claimant, while counsel receives [the § 406(b)] award."). If both are awarded, attorneys are required to refund the lesser of the EAJA or § 406(b) fees to the client, they cannot keep both. *See McGraw*, 450 F.3d at 497. In many cases EAJA fees "effectively increase[] the portion of past-due benefits the successful Social Security claimant may pocket." *Gisbrecht*, 535 U.S. at 796. "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . .

EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

### III. CASE FACTS

Patricia Wrenn twice filed an application for Disability Insurance Benefits with the Social Security Administration seeking benefits commencing as of October 18, 1998. On the second occasion, she was represented before the agency by an attorney ("agency-level attorney"). During the application process, however, Patricia died from lung failure and a bacterial infection of the heart. Her application was subsequently denied. Patricia's mother Leola, as an interested party, appealed from the final denial of benefits to the U.S. District Court for the Eastern District of Oklahoma.

Leola retained different counsel to represent her before the federal court ("court-level attorney") executing a "Federal Court Only" contingent fee agreement and agreeing to pay 25% of any past-due benefits awarded to Patricia. (Appellant Br. at C-1.) The district court entered judgment in favor of Patricia reversing the ALJ's denial of benefits and remanded the case back to the agency for further proceedings. Leola subsequently filed a petition for an award of EAJA fees in the amount of $5,306.80, which was granted by the district court. On remand, the ALJ issued a fully favorable decision finding that Patricia had been disabled since October 18, 1998.

The Social Security Administration sent a letter addressed to Patricia (deceased) which calculated her past-due benefits at $51,658.00. It indicated the Social Security Administration approved and paid her agency-level attorney $4,000 in fees under their fee agreement and that amount was withheld from her past-due benefits.[2] While not specifically reflected in the letter, 25% of Patricia's past-due benefits totaling $12,914.50 was withheld for attorney fees pursuant to 42 U.S.C. § 406. The $4,000.00 paid to her agency-level attorney subtracted from the $12,914.50 left $8,914.50 for other attorney fees.

Leola's court-level attorney filed an application for attorney fees with the district court for the full 25% of the past-due benefits ($12,914.50) pursuant to the terms of her court-level contingent-fee agreement and 42 U.S.C. § 406(b). The Commissioner objected because the $12,914.50 in court-attorney fees combined with the $4,000 in agency-attorney fees would be greater than 25% of the past-due benefits awarded. The Commissioner asserted the court-level attorney is limited, pursuant to § 406(b), to no more than the remaining $8,914.50 withheld. In response, the court-level attorney argued the 406(a) and 406(b) fees are not limited by statute to an aggregate 25%. Rather, the statute allows a fresh 25% at the court level.[3]

---

[2] Leola was represented by the same agency-level attorney on remand.

[3] Counsel also argued to the district court that Leola would not be harmed by a 25% award of court-level attorney fees because she is able to defray the cost

The district court disagreed. It rejected the argument that a new 25% is allotted from the past-due benefits award for the payment of court-level attorney fees under § 406(b). Based upon the court's reading of our case law and that of a number of other circuit and district courts, it determined the aggregate of both § 406(a) and § 406(b) fees cannot exceed 25% of past-due benefits. It reasoned the limitation, in part, was designed to protect claimants from inordinately large fees and it was not the court's duty to decide how the 25% was divided up among the agency and court attorneys. The district court also stated that taking the EAJA fees into account was not permitted. In the end, it awarded the court-level attorney the remaining $8,914.50 of past-due benefits withheld by the agency and ordered him to refund the EAJA fees to Leola.

## IV. DISCUSSION

The parties do not dispute the reasonableness of the attorney fees or the amount of EAJA fees awarded by the district court. The only issue is whether the court correctly interpreted the fee structure found in 42 U.S.C. § 406. Because this case requires us to determine the meaning of § 406, we review the district court's decision de novo. *See In re Troff*, 488 F.3d 1237, 1239 (10th Cir. 2007).

---

of bringing the litigation through the EAJA award. In essence, counsel was arguing Leola would still effectively recover more than 75% of Patricia's past-due benefits. Because the EAJA award is separate and distinct from attorney fees under § 406(b) and consideration of the EAJA award does not play into our statutory analysis of § 406, we decline to consider its effect.

"Our task is to construe what Congress has enacted.  We begin, as always, with the language of the statute."  *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Section 406(a)(2) establishes the limitation on fees the Commissioner may award for representation before the agency:

> In the case of a claim of entitlement to past-due benefits under [subchapter II], if--
>
> (I) an agreement between the claimant and another person regarding any fee to be recovered by such person to compensate such person for services with respect to the claim is presented in writing to the Commissioner of Social Security prior to the time of the Commissioner's determination regarding the claim,
>
> (ii) the fee specified in the agreement does not exceed the lesser of–
>
> (I) 25% of the total amount of such past-due benefits . . . , or
>
> (II) [$5,300], and
>
> (iii) the determination is favorable to the claimant,
>
> then the Commissioner of Social Security shall approve that agreement at the time of the favorable determination, . . . the fee specified in the agreement shall be the maximum fee.

42 U.S.C. § 406(a)(2)(A); 67 Fed. Reg. 2477 (2002).[4]  Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under [subchapter II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the

---

[4]    In this case past-due benefits were awarded, therefore, we decline to address § 406(a)(1) which covers fees for representation before the agency where past-due benefits are not awarded.  *See* 42 U.S.C. § 406(a)(1).

total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

The question presented is whether Congress intended to limit representative fees before both the agency and court to an aggregate 25% of past-due benefits. The Commissioner asks us to reject the "plain and literal reading" of § 406 and look to legislative history to discover congressional intent. (Appellee's Br. at 12.) In order to do this, we would have to find an ambiguity in the statute. *See United States v. Quarrell*, 310 F.3d 664, 669 (10th Cir. 2002) ("A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." (quotation omitted)). That is not the case here. The language in both sections is clear and unambiguous. Section 406(a)(2) sets the ceiling under which the Commissioner may approve a contingent-fee agreement between the claimant and her attorney, *i.e.*, the lesser of 25% or $5,300. Section 406(b), on the other hand, sets the limit on otherwise reasonable fees for representation before a court. The wording of each section is plain and has but one meaning. We honor the first and cardinal cannon of construction; we "presume that a legislature says in a statute what it means and

means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992). "When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Id*. at 254 (quotation omitted).

Contrary to the ruling of the district court and arguments presented by the Commissioner, the intent and purpose of the statute and our case law does not compel a different result. At issue in *Harris v. Secretary of Health and Human Services*, was whether an attorney could petition the court for fees accrued during both agency and court representation. 836 F.2d 496, 497 (10th Cir. 1987). We held "the Secretary of Health and Human Services alone is empowered to award attorney's fees for services rendered at the administrative level." *Id*. In adopting this majority view we recognized the language of § 406(b) suggests "the court is given the authority to set fees for representation before the court, not for fees for representation before the agency." *Id*. at 498. Because of the separate provisions found in § 406(a) and § 406(b), we reasoned that "each tribunal (court and agency) is to operate in its own bailiwick, with its own expertise guiding reimbursements within its sphere of operation." *Id*. at 498.

The Commissioner points to the footnote in *Harris*, where we made a passing reference to the aggregate of fees to be determined on remand:

> We note that federal appellate courts which have addressed the issue agree that the collective fees awarded for services at both

administrative and judicial levels cannot exceed 25% of the total of the past-due benefits to which the claimant is entitled. *Morris v. Social Security Admin.*, 689 F.2d 495 (4th Cir. 1982); *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972); *Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970), *cert. denied* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970). Sometimes this may create a need for one tribunal to be aware of what the other has awarded. In the case before us, however, such awareness appears unnecessary because the total amount sought before both tribunals is far less than the amount available from 25% of past-due benefits.

*Harris,* 836 F.2d at 498 n.1. This by-the-by footnote is dictum we are not obligated to follow. *See Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir. 1995) ("Dicta are 'statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand.'" (quoting Black's Law Dictionary 454 (6th ed. 1990)).

Equally inapposite is the Commissioner's reliance on *Frazier v. Apfel*, 240 F.3d 1284 (10th Cir. 2001). In *Frazier*, we approved the district court's separate award of fees under both the EAJA and § 406(b). The district court – not this Court – was in the best position to determine whether such an award is appropriate and the reasonable amount. *Id.* at 1286-87. In addition, the district court should be the one to determine how the EAJA and § 406(b) fee awards "are to be divided between the social security claimant and his or her attorney." *Id.* at 1287 (citing *Kemp v. Bowen*, 822 F.2d 966, 969 (10th Cir. 1987) (stating that district court order should include language preventing double payment of fees to

attorney for same work and the lower of two fees must be refunded to claimant)). *Frazier's* citation to *Harris* for the proposition that the attorney could not recover an award of § 406(b) fees in excess of 25% once the amount of fees from the Commissioner had been collected was, again, dictum. *See Id.* at 1287 (citing to *Harris*, 836 F.2d at 497).

The holdings of our cases may be summarized as follows: "[u]nder the [Social Security Act's] scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498; *see also* 20 C.F.R. §§ 404.1720, 404.1728(a). The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. *See* 42 U.S.C. § 406(a)(2)(A), and (b)(1)(A); 20 C.F.R. §§ 404.1720, 404.1725. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.

The only other Circuit to address this issue since the 1990 limitation on agency-level contingent-fee agreements comes to a similar conclusion:

> [S]ection 406(b)(1) establishes a separate standard for awarding fees for work performed in cases decided by a judge and that those fees

may not be "in excess of 25 percent of the total of the past-due benefits." Thus, for services performed before the [Commissioner], the [Commissioner] is free to set a reasonable fee, except as otherwise provided in the statute, *see* 42 U.S.C. § 406(a)(2)(A). For services performed in a federal court where the court awards benefits, the attorney fee award is limited to 25 percent of past-due benefits. Finally, in cases where the court remands the case back to the [Commissioner] for further proceedings, the court will set the fee-limited to 25 percent of past-due benefits-for the work performed before it, and the [Commissioner] will award whatever fee the [Commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.

*Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (overruling the "single tribunal rule" from *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972)).

The Commissioner argues this reading of the statute is contrary to the purpose of the amendment – restricting excessive fees – and that attorneys will receive 50% of a claimant's past-due benefits if they are allowed to recover 25% at both the agency and court levels. Although mathematically possible, it is unlikely if superintendence of fees is conscientiously done as Congress intended. Each tribunal is charged with ensuring the attorney fee is reasonable. An attorney representing a claimant before the agency will receive 25% of past-due benefits from the agency only if it is less than $5,300. 42 U.S.C. § 406(a)(2)(A); 67 Fed. Reg. 2477 (2002). At the court level, "[Section] 406(b) calls for court review of [contingency-fee] arrangements as an independent check, to assure that they yield

-15-

reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. We have no reason to doubt the district court is best situated to make this determination.

We **REVERSE** and, since the district court is in the best position to determine the reasonableness of attorney fees under 42 U.S.C. § 406(b), **REMAND** for further proceedings consistent with this order and judgment. The district court must specify how the EAJA and court-level fees are to be apportioned between the client and her attorney.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge