FILED
United States Court of Appeals
Tenth Circuit

January 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT GORDON,

       Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

       Defendant-Appellee.

------------------------------

MARTONE LAW FIRM,

       Movant-Appellant.

No. 09-2176
(D.C. No. 1:00-CV-1823-LH-DJS)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH** and **ANDERSON,** Circuit Judges**,** and **BRORBY**, Senior
Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Martone Law Firm represented Robert Gordon during his pursuit of Social Security disability benefits. As compensation for the firm's work at the agency level, the Social Security Administration awarded the maximum fee of $5,300. In light of its additional work at the district court level, the firm petitioned a federal district court under 42 U.S.C. § 406(b) for an award of a further $12,675 in compensation for the 17.55 hours the firm devoted to the case before that court. The court found the requested sum unreasonable and reduced it to $5,265, a result the Martone firm now appeals to us. Under governing case law, however, a district court enjoys considerable discretion in the setting of a fee award for work done before it, and we cannot say the court in this case abused that discretion. Accordingly, we affirm.

\* \* \*

When Mr. Gordon originally applied for Social Security disability benefits, he proceeded *pro se*. The Commissioner denied benefits at each stage of the administrative process, including a hearing before an administrative law judge (ALJ) and review by the Appeals Council. Mr. Gordon then filed an appeal in the United States District Court for the District of New Mexico.

At this stage, the Martone firm entered an appearance on Mr. Gordon's behalf. Very shortly thereafter, the firm submitted a memorandum urging the district court to reverse and remand the Commissioner's decision, either for an award of benefits or for rehearing. In response, the Commissioner filed a

stipulated motion to reverse and remand the case for further administrative proceedings. This reversal rendered Mr. Gordon a "prevailing party" under the Equal Access to Justice Act (EAJA) and entitled the Martone firm to reasonable attorney's fees. *See Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). The firm obtained a $2,550.68 EAJA award as a result.

After the district court's remand and considerable additional wrangling at the administrative level, Mr. Gordon eventually won benefits calculated at $122,594, much of this award representing benefits accrued during and because of the lengthy delays in the administrative proceedings. Consistent with its fee agreement with Mr. Gordon, the Martone firm collected $5,300, the maximum fee permitted for its work at the administrative level. *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 & n.1 (10th Cir. 2008).

Pursuant to its contingency fee agreement and 42 U.S.C § 406(b), the Martone firm also returned to federal district court and asked for $12,675 in fees for the work it had earlier performed in that court. At the same time, the firm noted that it intended to refund to Mr. Gordon the $2,550.68 in EAJA fees it had previously received, minus certain costs, recognizing that "[f]ee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (internal quotation marks omitted).

Under § 406(b), the district court was permitted, as part of its judgment in a Social Security disability case, to endorse "a reasonable fee" not in excess of 25% of the past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). In this case, the district court found the requested amount unreasonable and instead awarded the firm $5,265 for the 17.55 hours of work it expended on Mr. Gordon's behalf in federal court. The firm now appeals that judgment.

\* \* \*

We review a district court's award of attorney's fees under § 406(b) for an abuse of discretion, *see McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006), and will reverse only if the district court's decision was "based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment," *United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007). So it is that we are often obliged to affirm awards we may not ourselves have made in the first instance: as the Supreme Court has instructed, attorney's fee decisions under § 406(b) "qualify for highly respectful review" by the appellate courts. *Gisbrecht*, 535 U.S. at 808.

In *Gisbrecht*, the Supreme Court rejected the approach of setting attorney's fees under § 406(b) simply by conducting a "lodestar calculation (hours reasonably spent on the case times a reasonable hourly rate)." *Id.* at 792-93. The Court recognized "that § 406(b) does not displace contingent-fee agreements within the statutory ceiling," though at the same time the Court noted that the

statute does require courts to serve "as an independent check" by "review[ing] for reasonableness fees yielded by those agreements." *Id.* at 807-09. As examples of proper reasons for reducing § 406(b) requests, the Court identified (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 808.

The Martone firm argues that the district court determined the fee award using an improper procedure. According to the firm, the court approached the fee issue "from the wrong end" by focusing on the number of hours expended and a reasonable hourly rate, thereby applying the lodestar approach forbidden by *Gisbrecht*. *See* Opening Br. at 9. Instead, the firm says, the district court should have considered whether the fee requested was unreasonable using the six-factor test of *McGuire v. Sullivan*, which considers the "time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases." 873 F.2d 974, 983 (7th Cir. 1989) (quotation marks omitted). A proper assessment of these factors, it contends, would have supported an award in the amount it requested.

Having duly considered these arguments, as well as the Commissioner's opposition,[1] we are not persuaded that the district court abused its considerable discretion. As an initial matter, we reject the firm's assertion that the district court did no more than apply the lodestar method. As we read its order, the court began its analysis by determining that an award in the amount requested would be excessive given the result actually obtained: a stipulated remand for the purpose of reevaluating the severity of Mr. Gordon's alleged disability and for consultation with a vocational expert. The court also noted that the case then "languished at the administrative level" for years and that this delay, not just the firm's contributions, contributed significantly to "the unusually large award of back benefits" such that "[t]o grant the amount requested would result in a windfall" to the firm. D. Ct. Op. at 5.

Only after rejecting the requested fee as unreasonable did the court then proceed to set a fee that it found reasonable. In doing so, it accepted the firm's

[1]    In the district court, the Commissioner took no position on the reasonableness of the fees claimed by the Martone firm, but it has filed an appellate brief in support of the district court's determination. The firm urges us to find that the Commissioner's impartiality in the district court constituted a waiver of his right to argue on appeal that the district court did not abuse its discretion. We disagree. The significant difference between arguing in the district court that a *requested* award isn't reasonable and arguing in the circuit court that the *actual* award was not an abuse of discretion frees the Commissioner to advocate the latter without having advocated the former. And even if the Commissioner had waived his right to support the fee award, he nonetheless "plays a part in the fee determination resembling that of a trustee for the claimants," *Gisbrecht*, 535 U.S. at 798 n.6, and thus aids us in our independent obligation to ensure that the fee award was reasonable, *see id.* at 808.

calculation of the hours it worked, as well as the firm's affidavit from an experienced Social Security disability attorney that his hourly rate was $250. Further accepting the firm's argument that it had endured a risk of loss during the pendency of the claim and operated very efficiently, the court settled on an award of $5,265, equivalent to an hourly rate of $300 and thus higher than a pure lodestar calculation would yield. Simply put, the district court did not violate *Gisbrecht*'s prohibition against setting fees using a lodestar approach without first considering the contingency fee arranged by the claimant and his attorneys. Instead, it appropriately first considered the reasonableness of the requested fee. Only after finding it wanting did the court then proceed to fashion a reasonable fee that was based on evidence the firm itself proffered and that was not a pure lodestar award. The court therefore did not abuse its discretion by applying an erroneous legal standard.

Neither does the district court's decision suggest that it failed to consider the *McGuire* factors advanced by the firm in support of the requested fee — even assuming, without granting, that the district court had some obligation to do so. The court mentioned the firm's assertions of special expertise in Social Security cases, including its claim that the firm "spends fewer hours per case than other practitioners," D. Ct. Op. at 5, and the court stated specifically that it had considered the firm's "risk of loss" argument, *id.* at 6. Additionally, the court was well aware that the vast majority of both delay and effort had taken place at

the administrative level, for which the firm had already been compensated at the maximum allowed rate. As to the large lump sum payment recovered by Mr. Gordon, the district court reasonably found that much of this was due to the numerous delays occasioned by the Commissioner, rather than solely to the firm's effort. Finally, while the district court did not make an express finding concerning awards in similar cases, it did mention this factor, and we note that, to date, we have not required a detailed discussion of each *McGuire* factor to justify a fee award. *See Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008) (unpublished).

*   *   *

Discerning no abuse of discretion in the fee award in this case, the judgment of the district court is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge