**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONNIE RUSSELL,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

------------------------------

TROUTMAN & TROUTMAN, P.C.,

      Real-Party-in-Interest-Appellant.

No. 12-6185
(D.C. No. 5:09-CV-00887-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

The law firm of Troutman and Troutman, P.C. (the Troutman firm), as real

party in interest, appeals from a district-court order awarding attorney fees in an

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

amount less than it requested under 42 U.S.C. § 406(b).  We review the award for an abuse of discretion.  *See  Hubbard v. Shalala*, 12 F.3d 946, 947 (10th Cir. 1993), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789 (2002); *see also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  Of course, we review de novo any issues of law, such as questions of statutory interpretation.  *McGraw*, 450 F.3d at 497.  *See generally Zinna v. Congrove*, 680 F.3d 1236, 1239 (10th Cir. 2012).  Under these standards, we affirm for substantially the reasons stated by the district court, as explained below.

The Troutman firm successfully challenged the initial denial of supplemental security income benefits to their client, plaintiff Donnie Russell, securing a remand for further administrative proceedings.  The remand ultimately led to an award of $68,736.40 in past-due benefits.  Thereafter, the Troutman firm moved for approval of a fee award under § 406(b), seeking 25% of the past-due benefits (i.e., $17,184.10), consistent with its contingent-fee agreement with Mr. Russell.  Although the statute allows for contingent-fee awards of up to 25% of past-due benefits, it also "instructs courts to review for reasonableness fees yielded by [contingent-fee] agreements." *Gisbrecht*, 535 U.S. at 809.  Exercising this duty, the district court concluded that an award of $17,184.10 for the 28.1 hours of work done by the Troutman firm would "not satisfy the statutory requirement of yielding a reasonable result in this case."  App. at 109-10.  Noting that the Supreme Court had specifically directed that "'[i]f the benefits are large in comparison to the amount of

time counsel spent on the case, a downward adjustment [of counsel's contingent fee] is . . . in order,'" *id.* at 109 (quoting *Gisbrecht*, 535 U.S. at 808), the district court explained:

> [U]pon the Court's review of plaintiff's attorney's record of time expended representing the plaintiff, an award of the total requested fee would amount to $611.53 per hour. Counsel's fee for non-contingent work is $275 per hour. The Court finds this comparison of fees unreasonable in this case. . . . Upon careful and thorough review of this matter, the Court finds considering the amount of time and effort expended by the lawyers in this case representing plaintiff, counsel's motion for 406(b) attorney's fees should be reduced.

App. at 110. The district court went on to award a fee "in the amount of $11,884.10, the balance of past due benefits withheld by [the Social Security Administration]" after subtraction of the $5,300 paid to separate counsel who represented Mr. Russell in the administrative proceedings. *Id.*; *see also id.* at 91.

The primary objection advanced by the Troutman firm is that the district court did not follow the standard for § 406(b) fees outlined in *Gisbrecht*. We disagree. The district court clearly followed the general directive in *Gisbrecht* to "look[] first to the contingent-fee agreement, then test[] it for reasonableness." 535 U.S. at 808. But, the firm argues, in reducing the fee for reasonableness the district court "did not base the reduction on the result achieved or the quality of the legal work in this case," neither of which considerations, the firm insists, would have pointed to a reduction. Aplt. Opening Br. at 32. That may be so, but as the district court's quotation from *Gisbrecht* above reflects, a downward adjustment is also in order, notwithstanding very favorable results, when the recovery of past-due benefits for the

- 3 -

claimant is "large *in comparison to* the *amount of time* counsel spent on the case." *Gisbrecht*, 535 U.S. at 808 (emphasis added). And that was the operative rationale here.

In this same vein, the Troutman firm contends that the district court's consideration of hours worked and normal hourly rates reflects an improper elevation of lodestar analysis over the contingent-fee agreement, contrary to *Gisbrecht*. But *Gisbrecht* held only that the § 406(b) determination must *begin with* the contingent fee, it did not hold that considerations relevant to the lodestar, such as hours and hourly rate, were excluded from the subsequent test for reasonableness. Indeed, the Court specifically noted that "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" may be required "as an aid to the [district] court's assessment of the reasonableness of the fee yielded by the fee agreement." *Gisbrecht*, 535 U.S. at 808.

The Troutman firm also contends that the district court's analysis contravened this court's holding in *Wrenn v. Astrue*, 525 F.3d 931 (10th Cir. 2008). In *Wrenn* we held that "the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner" under § 406(a) for representation before the agency. *Id.* at 937. In other words, the 25% cap does not "limit representative fees before both the agency and court to an aggregate 25% of past-due benefits." *Id.* at 936.

When past-due benefits were awarded to Mr. Russell, the Commissioner withheld 25% ($17,186.10) as a source for fee payments under § 406. Counsel representing Mr. Russell at the agency level was paid $5,300 out of the withheld funds. As noted earlier, after the district court determined that the contingent fee sought by the Troutman firm was unreasonably excessive, the court concluded that the remaining amount of the withheld funds reflected reasonable compensation for the work done in the case. That conclusion does not contravene *Wrenn*. The district court did not hold, contrary to *Wrenn*, that it was *required* to reduce the Troutman firm's award so that the aggregate of court and agency fees would not exceed 25% of the past-due benefits. If that had been the court's understanding, it would have *begun* its analysis with the $11,884.10 that remained under the 25% cap. Instead, it properly used the full $17,186.10 as the baseline for its *Gisbrecht* analysis and reduced that figure after concluding that it was unreasonably large in light of the time spent by the Troutman firm on the case.

To be sure, after rejecting the contingent fee as excessive, the district court made use of the remaining withheld funds as a ready concrete alternative. But we know of no prohibition on doing this, especially when such funds fall within an otherwise reasonable range for the fee award in a particular case. And that is true here. What constitutes a reasonable fee is a judgment that "ordinarily qualif[ies] for highly respectful review," *Gisbrecht*, 535 U.S. at 808—a deference captured in our abuse-of-discretion standard, under which we reverse only if we have "a definite and

firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances," *Cummins v. Campbell*, 44 F.3d 847, 854 (10th Cir. 1994) (internal quotation marks omitted). The fee award here, which falls in a middle ground between the request of $611 per hour and counsel's normal rate of $275 per hour, is not beyond the bounds of reasonable judgment or permissible choice. We therefore affirm the award.

We note that a fair amount of briefing on appeal was devoted to matters that have proved immaterial to our disposition. A collateral dispute arose over the Commissioner's citation to two unpublished decisions to support the result here. *See Gordon v. Astrue*, 361 F. App'x 933 (10th Cir. 2010); *Scherffius v. Astrue*, 296 F. App'x 616 (10th Cir. 2008). The Troutman firm contends that the Commissioner waived its right to rely on these cases because they were not cited below. But the Troutman firm refers to no authority, nor are we aware of any, holding that an appellee may not offer additional case law to defend the district court's stated rationale for a decision in its favor. In any event, our disposition stands on the strength of its own rationale, without any need to rely on the persuasive value of the unpublished decisions cited by the Commissioner.

The Troutman firm has also argued extensively for adoption of the Ninth Circuit's interpretation of *Gisbrecht* in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc). In our view, that decision does not offer any particularly useful guidance here. The *Crawford* majority held that *Gisbrecht* is violated when a fee

analysis does not begin with the contingent-fee agreement but, rather, proceeds from a lodestar baseline and asks whether an upward adjustment or enhancement of the lodestar has been justified by counsel. *See Crawford*, 586 F.3d at 1149-51. The district court in the case before us did not proceed in such fashion. And as for the particular fee awards made in *Crawford*, another circuit's approval of different fee amounts under different circumstances does not alter our conclusion that the fee awarded in this case was within the range of permissible outcomes to which we properly defer under the governing standard of review.

The judgment of the district court is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge